The Bolen Coal Co. v. Ryan.

THE BOLEN COAL COMPANY, Respondent, v. JAMES RYAN *et al.*, Appellants.

Kansas City Court of Appeals, March 7, 1892.

1. **Mechanics' Lien** : CONTIGUOUS LOTS : TACKING TIME TO FILE LIEN. Plaintiff's assignor furnished material and built for defendant, under one general contract, eleven houses, at so much per house, eight on five contiguous lots and three on two other contiguous lots separated from the five lots by an alley. The lien was filed within six months of the completion of the three buildings, but not within six months from the completion of the eight buildings. During the trial the plaintiff dismissed as to the three houses and two lots. *Held*, the two lots were not contiguous to the five, and the time of finishing the three houses not covered by the lien cannot be tacked to the time when those were finished which are covered by a lien.

2. **Definitions** : CONTIGUOUS: ACCRUED. Contiguous means to touch or be in actual contact. Accrued does not mean due, but that the indebtedness becomes complete when the last labor is performed, or the last material is furnished.

*Appeal from the Jackson Circuit Court.*—HON. JAMES GIBSON, Judge

REVERSED AND REMANDED.

*Chase & Powell*, for appellants.

(1) The mechanic's lien was absolutely void and a nullity, and should not have been admitted in evidence, for the reasons that the lots on which the eleven houses were built are not contiguous lots by a fourteen-foot alley. *Fitzgerald v. Thomas*, 61 Mo. 499 ; s. c., 76 Mo. 513. If, then, the lien as filed was void, plaintiff could not make it a valid one by thus dismissing as to a part of the lots and houses. *Goepp v. Gartiser*, 35 Pa. St. 130 ; *Fitzgerald v. Thomas*, 61 Mo. 499. (2) If, now, plaintiff, after dismissing its lien as to lots 15

and 16 and three houses thereon, should attempt to proceed to establish a right to a mechanic's lien under the same lien paper on lots 7, 8, 9, 10 and 11 and the eight houses thereon, its lien could not be enforced, because it was not filed in the office of the clerk of the circuit court of Jackson county, Missouri, within the six months, as required by section 6709 of Revised Statutes of Missouri of 1889. R. S. 1889, sec. 6709 ; *Gauss v. Hussman,* 22 Mo. App. 119. Date of filing lien must be computed from date of last actual delivery. *Miller v. Whitelaw,* 28 Mo. App. 639.

*Karnes, Holmes & Krauthoff,* for respondent.

( 1 ) The argument based on *Fitzgerald v. Thomas,* 61 Mo. 499, and kindred cases, is without point, in view of the change made in our statute since those cases were decided. 2 R. S., sec. 6729. ( 2 ) It is claimed that the lots are not contiguous because two of them are separated by an alley from the others. But it has been directly decided that the presence of such an alley or passageway did not affect the contiguity of the property. *Chadburn v. Williams,* 71 N. C. 444, 447 ; *Lyon v. Logan,* 68 Tex. 521, 525. ( 3 ) The statute requires this lien to be filed within six months "after the indebtedness shall have accrued." Sec. 6079. It is true that many cases fix the time for the running of this period from the date the last item was furnished. This usually has application to the cases of a running account which constitutes an indebtedness as soon as the first item has been delivered, and which the creditor can close at any time, and then demand payment of the amount accrued, and if not paid sue upon it. That case is far different from the instance in which the work is done under a general contract for the building and completion of a number of houses. In such case the contractor cannot recover without showing a full compliance with his part of the contract. And if a lien had been filed prior to such completion it would have

been premature and not enforceable. *Cox v. Railroad,* 44 Cal. 18, 28; *Cox v. Railroad,* 47 Cal. 87, 89; *Bersh v. Sanders,* 37 Mo. 104, 106; *Davis v. Bullard,* 32 Kan. 234; *Seaton v. Chamberlain,* 32 Kan. 239; *Roylance v. Hotel Co.,* 74 Cal. 273. Where a contract is made to build a number of houses under one contract, the lien cannot be filed under a statute like ours, until all of the houses are completed, unless, of course, the owner waives full performance either by express agreement or by refusing to carry out the contract on his part. Under such a contract it is not necessary to file a separate lien on each house as it is completed. *Jones, Liens,* secs. 1411, 1434; *Wall v. Robinson,* 115 Mass. 429; *Worthly v. Anderson,* 116 Mass. 374; *Bachelder v. Rand,* 117 Mass. 176; *Cole v. Colby,* 57 N. H. 98. Where there is but one contract, all the work done is referable to it. *Bruce v. Berg,* 8 Mo. App. 204. The time fixed by the statute did not begin to run until the performance of the contract was complete on Pyle's part, or such complete performance was excused by the act of Ryan. *Phil. Mech. Liens,* sec. 323; *Okisko Co. v. Mathews,* 3 Md. 368, 376, 377; *Yearsley v. Flannigan,* 22 Pa. St. 489, 491. The indebtedness did not accrue until the whole contract was completed. *Derrickson v. Edwards,* 29 N. J. Law, 468, 470; *Patrick v. Ballentine,* 22 Mo. 143, 147; *Livermore v. Wright,* 33 Mo. 31, 33; *Phil. Mech. Lien,* sec. 329; *Henderson v. Sturgis,* 1 Daly (N. Y.) 336, 337.

Ellison, J.—Plaintiff's assignor furnished material and performed labor under one general contract with the owner, in the erection of eleven brick houses at $535 per house. Eight of the houses were built upon five contiguous lots, and three were built on two contiguous lots lying directly across an alley, fourteen feet wide. During the trial defendant introduced a receipt and release of the lien from the original contractor as to the three houses and two lots across the alley, whereupon plaintiff dismissed as to that property.

Judgment enforcing the lien was rendered for plaintiff against the eight houses and five lots. Defendants appealed. It was decided in *Fitzgerald v. Thomas*, 61 Mo. 499, and in *Fitzgerald v. Thomas*, 76 Mo. 513, that a single mechanic's lien could not be had on several separate buildings, though they were erected on contiguous lots and under one general contract. After these decisions, the legislature added section 6729 to the lien law, wherein it is enacted that in such a state of case a single lien may be filed. The statute does not interfere with the foregoing decision as to the contiguity of the lots, but on the contrary is confirmatory thereof, in that it prescribes that a single lien may be had *if the lots are contiguous.* Now in the case at bar, three of the lots are separated from the other five by an alley. The lots upon which the buildings were erected are, therefore, not contiguous ; for contiguous means to touch, or to be in actual contact.

Plaintiffs contend that, conceding the lots are not such as can be covered by one lien, yet they have a right to dismiss as to one division of the lots and enforce the lien as to the other, since the contract stipulated a certain price per house. A consideration arises here which makes it unnecessary to consider such question. The testimony shows that the material which entered into the eight houses against which judgment was rendered was furnished more than six months before filing the lien. The last material therein, or work thereon, being about November 23, though the work on the three houses across the alley did not begin until the tenth of February following, and was finished the following March 10. The lien, by force of the statute, expires with the time limited within which it must be filed, which is six months after the indebtedness shall have accrued.

But plaintiffs say that there was one general contract for all the buildings ; that the indebtedness did not accrue until that contract was fully performed

which was on March 10. Whether the accruing of the indebtedness, within the meaning of the mechanics' lien statute, will be governed by a contract which may stipulate for the payment of the contract price at a date subsequent to the performance of the contract, is not the question which plaintiffs' contention presents; for it is assumed that the contract price was due upon the completion of the buildings. The meaning and true intent of plaintiffs' contention is that, notwithstanding one or more of the buildings mentioned in the contract are such as cannot be covered by the lien, the time of finishing them shall be tacked to the time when those were finished which are covered by the lien. Thus the work or material on the unlienable buildings must operate to save or extend the time limited for the lienable buildings. We cannot allow this. If we did, it would be against the spirit of the law, and bring about unreasonable results. One contract might provide for the erection of a small structure at one place and a large structure at a distant place; the small one being completed in two months and the large one in two years, the contract would not be performed until the completion of the large structure, yet it ought not to be supposed that the statute contemplates that a lien may be had against the small structure within six months after the completion of the large one.

Questions under the mechanics' lien law are governed much by the statute of the particular state in which the question arises. By the statute of this state, section 6709, the lien must be filed with the clerk of the circuit court within a specified period "after the indebtedness shall have *accrued.*" Our construction of this statute is that by the word "accrued" the lawmakers mean to say when the indebtedness becomes complete by performing the labor or furnishing the material, and that it would be considered complete when the last labor is performed or the last of the material is furnished. "Accrued" does not mean due. A man is in debt

when the labor he hires is performed or completed, or when the material he purchases is fully furnished and is unpaid for, and his indebtedness accrues at such period. We have examined the cases cited by plaintiff and think them not inconsistent with this opinion.

The foregoing considerations dispose of the case against plaintiffs, and we will reverse the judgment, and remand the cause with directions that the trial court disallow the lien. All concur.