THE MISSOURI CENTRAL LUMBER COMPANY, Appellant, v. THE SEDALIA BREWING COMPANY et al., Respondents.

Kansas City Court of Appeals, January 16, 1899.

Mechanics' Liens: ONE CONTRACT FOR SEPARATE BUILDINGS: CONTIGUOUS LOTS. The Missouri statute authorizes a single lien upon separate buildings if upon contiguous lots, but where the lots are divided by a public alley fifteen feet wide there is no authority for a single lien.

*Appeal from the Pettis Circuit Court.*—HON. G. F. LOGAN, Judge.

AFFIRMED.

H. T. WILLIAMS for appellant.

(1)  Defendants can not complain that such description is not sufficient to identify the property sought to be charged with the lien and to give notice through the record. It is the same description which they employ for a similar purpose.  Buchanan v. Cole, 57 Mo. App. 11; Ralls Bros. v. McCrary, 45 Mo. App. 365; Holland v. McCarty, 24 Mo. App. 82; Brown v. Wright, 25 Mo. App. 54; Fairbanks v. Elevator Co., 52 Mo. App. 627; Cahill, Collins & Co. v. Orphan School, 63 Mo. App. 28.  (2)  The buildings specified in the lien paper are used together for one general purpose, constitute an entirety, and are as a whole subject

Lumber Co. v. Brewing Co.

to the lien. Holland v. McCarty, 24 Mo. App. 82; Henry v. Plitt, 84 Mo. 237; McDermott v. Claas, 104 Mo. 14. The lien is on the whole estate for the materials in each building. Balchelder v. Rand, 117 Mass. 176; Quimby v. Burgin, 148 Mass. 104; 18 Conn. 342; 46 Am. Dec. 325; 2 Jones on Liens, sec. 1207. The oneness of the contract under which the materials are furnished fixes the entirety of the account, even though there were many separate orders. Mulvane v. Chicago L. Co., 44 Pac. Rep. 13, and foregoing cases. And when coupled with oneness of purpose for which the buildings and land are used, then the lien is for the whole account upon the whole premises. Steel Co. v. McElwaine, 43 N. E. Rep. 876, and foregoing cases. It makes no difference that the materials went into separate buildings. The lien is upon the whole, and it was not necessary to file separate liens. 84 Mo. 237, *supra;* 45 Mo. App. 567, *supra;* 43 N. E. Rep. 876, *supra.* (3) The question as to whether there is a lien is for the jury and should have been submitted to them under proper instructions. Brooks v. Blackwell, 76 Mo. 309; Buchanan v. Cole, 57 Mo. App. 11.

CHARLES E. YEATER for respondents.

While it is true that a lien for repairs is given by section 6705 of the statutes, appellant can not have a lien in this case because the buildings sought to be burdened with the single lien are upon two separate lots, not contiguous because separated by an alley, and because not erected under one general contract, but merely repaired. R. S. 1889, sec. 6729; Coal Co. v. Ryan, 48 Mo. App. 515. The destruction of the buildings by fire prevented the lien from attaching to the land. Holzhour v. Meer, 59 Mo. 434; Shine v. Heimburger, 60 Mo. App. 174, and cases cited; Schulenburg v. Railway, 67 Mo. 442; Presbyterian Church v. Stetler, 26 Pa. St. 246; R. S. 1889, sec. 6705. The case of State ex

rel. v. Drew, 43 Mo. App. 362, cited *contra* by appellant, is not in point, because it appears at bottom of page 367 of the decision that it was admitted by both parties that the lien existed after the fire. The lien is inchoate until all the various steps, including the judgment, have been had. The lien attaches to the land through the medium of the building, and the destruction of that link disjoins the lien from the soil. The property on which the lien is sought was *in custodia legis*, and could not be subjected to a lien by this proceeding. Metzner v. Graham, 57 Mo. 404; Bank v. Owen, 79 Mo. 429; Hombs v. Corbin, 20 Mo. App. 497; Fleming v. Clark, 22 Mo. App. 218; Smith on Receiverships, sec. 82, p. 183. The suit must fail because the appellant did not obtain an order of court granting leave to sue. Heath v. Railway, 83 Mo. 617; Kortjohn v. Seimers, 29 Mo. App. 271; High on Receivers, sec. 254-256; Smith on Receiverships, sec. 83, p. 183, citing all American cases. Referring to appellant's fifth point, the court did not sanction the suit, because this appeal is from the ruling of the court refusing to admit alleged evidence showing leave to sue; and the receivers did not acquiesce in the suit, nor did they waive any right, as the pleadings show. The first allegation of the petition is that due leave of court was granted to sue. The first allegation of the answer is a denial of that fact, and on that issue of fact in the cause the allegation of the answer, by the sole evidence on that subject is sustained. It was the duty of the receivers, who were officers of the court, *quasi* sheriffs in equity, to be made parties to protect the *rem* intrusted to them, the insolvent brewing company having no interest, and Weigand not then being a party. Appellant should have filed application in the receivership case, setting up the facts, assuming the facts justify a lien, and thereon asked of the court a decree giving it preference in the proceeds of the sale of the real estate; and appellant may possibly yet, with consent of court, do so in the receiver-

ship case, which is still pending. Of course the respondents make no objection to a suit against the brewing company, and a general judgment against it *in personam,* but merely object to a judgment *in rem* against the property in the hands of an officer of the court.

ELLISON, J.—This is an action to enforce a mechanic's lien for material furnished under one general contract with which to repair a number of buildings connected with a brewery establishment in the city of Sedalia. Though the land upon which the buildings were situated was platted ground and a part of the city of Sedalia, the description of the property in the petition consists of several tracts, variously described, making in all seven acres included in the land sought to be charged. There was a peremptory instruction declaring there was no lien, but authorizing a general judgment for the material. Plaintiff appeals.

The statute (R. S. 1889, sec. 6729) authorizes a single lien upon separate buildings if they are situated on contiguous lots. Here the evidence disclosed that these buildings were not on contiguous lots. They were divided by a public alley fifteen feet wide. A single lien upon all the buildings can not, therefore, be maintained. This was expressly decided in Coal Co. v. Ryan, 48 Mo. App. 515.

Plaintiff urges that the description given in the petition and lien is sufficient to identify the property. That it is the same as that used by the brewing company and the owners of the property in describing it in their deeds. But it is not a question of sufficiency of description. It is a question of right or authority, and there is no authority, under the statute, for filing a single lien against buildings which are not contiguous.

There were many other questions presented by counsel besides the foregoing, which, in view of what we have just said, need not be noticed. The judgment is affirmed. All concur.