Roy F. Stamm Electric Company, a Corporation, Appellant, v. Hamilton-Brown Shoe Company, a Corporation, James K. Vardaman, Jr., and John W. Lake, Co-Trustees of the Hamilton-Brown Shoe Company, a Corporation, and William H. Killoren, Trustee in Bankruptcy of Hamilton-Brown Shoe Company, a Corporation, Bankrupt, Respondents.—No. 38391.—171 S. W. (2d) 580.

Division One, April 5, 1943.

Rehearing Denied, May 4, 1943.

*John C. Kappel, Jr.,* and *Walter S. Berkman* for appellant.

*Harry S. Gleick* and *Jones, Hocker, Gladney & Grand* for respondents; *Gleick & Strauss* of counsel.

DOUGLAS, J.—This is a mechanic's lien suit for labor and material furnished two connected buildings situated on different lots in the City of St. Louis, brought under a single lien.

The principal question for decision is whether the buildings are located on contiguous lots so that a single lien is sufficient to cover both buildings. If the lots are not contiguous the statute requires separate liens for each building.

The buildings are on three lots located in the same city block. One building covers one lot and a portion of another at the corner of Twenty-first and Olive Streets. The other building is immediately north of the first building and is situated on one lot at Twenty-first and Locust Streets. The buildings are separated by an alley running east and west 19 feet, 4 inches in width which was laid out and dedicated to the public use at the time the block was platted in 1859.

The buildings have long been connected by two overhead enclosed passageways used for the transfer of men and materials back and

forth between the two buildings, and wires, pipes and chutes run through them. In addition there are similar pipes, conduits and other connections between the two buildings underneath the surface of the alley, all designed to convert the buildings into a single industrial unit so that they may be used together for every necessary purpose.

Plaintiff used the labor and materials furnished in both buildings and in the two overhead connecting passageways. The work was done under one general contract. There is no dispute about the account. All the necessary requirements for obtaining a lien were met.

Shortly following the completion of the work defendant instituted a proceeding for reorganization in the United States District Court and a trustee in bankruptcy was appointed. Plaintiff was authorized to bring this proceeding in the State court where it was defended by the trustee in bankruptcy.

The trial court found the estate of defendant company was indebted to plaintiff for $3,622.03 but held it had no jurisdiction to enter a general judgment for such indebtedness because of defendant's bankruptcy. It denied the lien on the ground the lots were not contiguous because of the public alley between them so that the single lien on both buildings did not satisfy the statute. Plaintiff appealed to the St. Louis Court of Appeals.

That court in a well-reasoned opinion by Commissioner Bennick held that in the purview of the statute the lots were contiguous but certified the case to this court because its decision directly conflicted with two earlier cases of the Kansas City Court of Appeals namely, The Bolen Coal Co. v. Ryan, 48 Mo. App. 512, and Missouri Central Lumber Co. v. Sedalia Brewing Co., 78 Mo. App. 230. Commissioner Bennick's opinion is reported in 165 S. W. (2d) 437. We agree with the reasoning of that opinion and in the principles therein announced, and incorporate bodily the greater part of it in this opinion.

The statute involved is Sec. 3579, R. S. 1939, which provides as follows: "When the improvement consists of two or more buildings, united together and situated upon the same lot or contiguous lots, or separate buildings upon contiguous lots, or a continuous or connected sidewalk in front or alongside of contiguous lots, and erected under one general contract, it shall not be necessary to file a separate lien upon each building or lot for the work done or materials furnished in the erection of such improvements."

If the lots on which the two buildings are situated are not contiguous within the meaning of this statute, then the lower court was correct in denying the single lien which plaintiff sought. But if the lots may properly be said to be contiguous within the meaning of the statute notwithstanding the existence of the public alley which separates the buildings, then plaintiff was entitled to its lien.

While the word "contiguous" is a relative term and may have a variety of meanings depending upon the sense in which it is used (17 C. J. S., p. 178; 9 Words and Phrases, p. 90), we have no doubt that in the statute now under consideration it has been used in its primary sense as implying actual contact or connection. For the statute to have application, mere close proximity is consequently not enough, but on the contrary, there must be an actual joining or touching of the lots in order for them to be contiguous. Such is the usual and ordinary meaning of the term; and a different meaning should therefore not be attributed to it unless the context in which it appears, the nature of the subject under consideration, and the ultimate purpose to be served should all indicate (which they do not) that it was purposely employed in the particular instance as connoting mere nearness or adjacency without the necessity for actual contact.

The question in the instant case therefore resolves itself into one of whether the existence of the public alley which runs between the buildings constitutes such a separation of the lots as to prevent them from being contiguous, that is, from having actual contact, within the sense and meaning of the statute.

In two cases where the precise question was raised, the Kansas City Court of Appeals has held that lots separated by a public alley are not contiguous so as to permit the enforcement of a single lien upon all the properties. The Bolen Coal Co. v. Ryan, 48 Mo. App. 512; The Missouri Central Lumber Co. v. The Sedalia Brewing Co., 78 Mo. App. 230. The trustee of course relies strongly upon these cases in his proper and conscientious endeavor to impartially protect the rights of all the creditors of the bankrupt owner of the property.

To our minds, however, those cases are not soundly ruled, at least as a matter of universal application, for the reason that they fail to take into account the effect of the limited quantum of interest which a municipality takes in streets and alleys within its corporate limits which are dedicated to public use. Such interest is not a title in fee simple, but only an easement which consists of the right of the public to make use of the streets and alleys for the purpose intended by the dedication, and for no other use or purpose. Meanwhile, the fee (subject to the easement) remains in those who owned the land at the time of its dedication to public use, and in their successors in title; and if ever the streets and alleys are vacated and their public use abandoned, the original owners, or their grantees, will thereafter hold the same freed from the burden of the former public use. In other words, when there is a termination of the public use for which the dedication was made, there is a reverter of such use to the owners of the servient estate, who at all times held title subject to the right of public use. Neil v. Independent Realty Co., 317 Mo. 1235; 298 S. W. 363.

It follows, therefore, in the case at bar, that at the time the contract was let and the work was done, Hamilton-Brown Shoe Company, being the owner of the lots abutting upon both sides of the alley, was the holder of the fee to the corresponding portion of the alley as well, subject only to the servitude of public use as provided in the dedication in 1859. Consequently, giving the word "contiguous" its most strict and literal meaning, the lots nevertheless touched and were in actual contact with one another at the center line of the alley, and were therefore contiguous within the meaning of the statute, which permits the filing of a single lien where the work is done (as in the present case) under one general contract upon two buildings, whether separate or united together, if situated upon contiguous lots. Hooven, Owens & Rentschler Co. v. John Featherstone's Sons, C. C. A. 8, 111 Fed. 81; International & G. N. R. Co. v. Boles, Tex. Civ. App., 161 S. W. 914; McDaniel Bros. v. Wilson, Tex. Civ. App., 45 S. W. (2d) 293; New Orleans Water Works Co. v. Ernst, C. C. La., 32 Fed. 5; Duval Cattle Co. v. Hemphill, C. C. A. 5, 41 Fed. (2d) 433. For a general discussion see Parker v. Walker, 48 Okla. 705, 150 Pac. 690, 10 A. L. R. 1022, and the annotation therein.

There is no substance to the trustee's complaint that the alley was not specifically described or referred to in plaintiff's lien statement. The lots themselves were correctly described as bounded and described on the recorded plat, which description in each instance embraced the land to the center of the alley, just as a conveyance of either lot thus abutting upon the alley would carry with it the owner's fee to the center of the alley. Kansas City v. Jones Store Co., 325 Mo. 226, 28 S. W. (2d) 1008; McDermott v. Claas, 104 Mo. 14, 15 S. W. 995.

It is argued, however, with respect to the question of the proper meaning to be attributed to Section 3579, that regardless of what this court's view may be regarding the correctness of the two decisions of the Kansas City Court of Appeals already noted, the Legislature itself has in any event effectually adopted the construction given the statute by such decisions so as to preclude us from construing the statute otherwise in attempting to give effect to the legislative intent in the decision of the present case.

The two decisions in question were promulgated, respectively, in 1892 and 1899. At that time the statute provided (Sec. 6729, R. S. Mo. 1889), just as it has at all times since its first enactment in 1877, that when the improvement consists of two or more buildings united together and situated upon the same lot or contiguous lots, or when it consists of separate buildings upon contiguous lots, and the work is done under one general contract, it shall not be necessary to file a separate lien upon each building or lot for the work done or materials furnished in the erection of such improvements. In 1909 (Laws 1909, p. 659), the Legislature amended the statute by

including the reference to an improvement consisting of a continuous or connected sidewalk in front or alongside of contiguous lots, but, as counsel point out, made no mention whatever of alleys in so far as the existence of public alleys might affect the question of the contiguity of lots abutting upon them. Consequently it is insisted that in such situation the Legislature must be considered as having been presumably satisfied with the prior judicial construction of the statute so as to have made such prior construction as much a part of the statute as though it had been expressly written into it.

There is no doubt of the rule that where the Legislature, after a statute has received a settled judicial construction, reenacts or carries the statute forward without change, or reincorporates the exact language theretofore construed, it is to be presumed that it knew of and adopted the judicial construction previously given to the statute. State ex inf. v. Meeker, 317 Mo. 719, 296 S. W. 411; State ex rel. v. Nolte, 345 Mo. 1103, 138 S. W. (2d) 1016.

It is said, however, that this rule only applies where the statute has been construed by the courts of last resort, and that the reenactment of a statute, after it has been construed by an intermediate or inferior court, does not constitute a legislative adoption of such construction. 59 C. J. 1064. We appreciate that in this state a Court of Appeals is a court of last resort with respect to matters committed to its jurisdiction. Nevertheless the Supreme Court is a still superior court in nowise bound by the decisions of the Courts of Appeals, in view of which we do not think that a basis exists for any conclusive presumption that the Legislature, in reenacting the particular statute without changing the portions of it now in issue, thereby necessarily intended to adopt the construction placed upon it by the Kansas City Court of Appeals in the two isolated cases upon which the trustee relies. No doubt all this is a circumstance to be duly considered in arriving at the question of the legislative intent, but it does not amount to such a positive legislative sanction of the prior judicial construction of the statute as to bind us in this case when we are convinced that the whole remedial purpose of the act can only be served by giving it a construction altogether to the contrary.

██ In this case, Hamilton-Brown Shoe Company had so connected its two buildings as to constitute them, in so far as might be, a single industrial unit for the furtherance of its own purposes and convenience. The work of wiring and installing lights in the buildings was regarded as a single project, and was left to plaintiff under a single contract which necessitated the performance of work in both buildings, as well as in the connecting passageways between. Under such circumstances it is entirely logical that plaintiff should have a single lien upon all the properties for its security; and it was to fit such a situation that provision was made in the law for a single lien, when the improvement, which is erected under one general contract, consists either of two or more buildings united together and situated

upon contiguous lots, or even of separate buildings upon contiguous lots.

As we have pointed out, the only controversy in this case is over the question of whether the lots are contiguous within the meaning of the statute. We think they are, even under a strict and literal construction of the statute. However, if it should be thought by any one that it would require a liberal construction of the statute to hold that lots abutting upon a public alley are contiguous, plaintiff is none the less entitled to such a liberal construction.

The whole purpose of the mechanic's lien law is to afford effective security to mechanics and materialmen who furnish labor and materials in the making of improvements upon the property of others. Once furnished and put into the improvement, the labor and materials lose all further value to the mechanic or materialman, but enhance the value of the property to the benefit of the owner and those who may take under him. Consequently, it is only fair and just that the law should be construed as favorably as its terms will legitimately permit to the end of advancing the remedial purpose of its enactment, and so the courts do construe it in cases to which its provisions apply. We are not unmindful of the fact that with the owner in bankruptcy, there are undoubtedly many other interests ultimately involved over and above those of plaintiff and the owner, but so long as plaintiff receives no more than it is entitled to receive under the law, no prejudice is done to the rights of other creditors. The facts bring the case within the purview of the statute, and plaintiff is entitled to the single lien as prayed.

Respondent raises again the same point it raised in a like case in which it was also the defendant, namely that there should be no general judgment entered against the debtor for the amount of the indebtedness. In the other case, H. B. Deal & Co. v. Hamilton-Brown Shoe Co., 349 Mo. 275, 160 S. W. (2d) 719, we held that the court should enter a general judgment against the bankrupt's estate. Respondent cites Holland v. Cunliff, 96 Mo. App. 67. That case held that an adjudication in bankruptcy would not defeat a mechanic's lien. It further held that a personal judgment may be dispensed with where the debtor is not before the court. The latter is not the case here. The trustee appeared and filed an answer by express authority of the referee in bankruptcy after plaintiff had commenced this suit with the permission of the United States District Court. Sec. 3560, R. S. 1939, provides that where the debtor is served with summons or appears without service the judgment, if for the plaintiff, shall be against such debtor as in ordinary cases.

It follows that this case should be remanded with directions to enter judgment for plaintiff and for a lien in accordance with the views herein expressed.

It is so ordered. All concur except *Leedy, J.,* who concurs in result only.