## CONCRETE COMPANY OF THE OZARKS, a Missouri Corporation, Plaintiff–Appellant,

v.

## CATAMOUNT RIDGE NORTH, L.L.C., Joe Farley, Krause General Builders, L.L.C., Bank of Kimberling City, Charles B. Coward, Trustee, Joseph P. Gaunt, Trustee, Stephen C. Babbit, Trustee, Gene Hilton, Trustee, FT Mortgage Companies, Inc., Fred L. Turner and Lois E. Turner, Leslie J. Stanturf and Janet E. Stanturf, David John Noble and Mary Lou Noble, The Declaration of the Noble Trust, Hugh D. Redmon and Ruthie Redmon, William G. Glinski and Beverly J. Glinski,

---

Leroy E. Motter and Audrey J. Motter, Thomas R. Kawall and Sherry J. Kawall, Kenneth Dutoit and Joanne Dutoit, Robert L. Miller and Shirley E. Miller, Lee E. Meyer and Catherine Meyer, Karlene K. Johnson, Harry Cooper Supply Company, Inc., Steven A. Dawson, Tapjac Company, Inc., Robert A. Summers, Master Plumber, Cabinet Bath & Supply, Inc. Stoneridge Carpets, Charlene Bruns, and Patricia A. Schlegel, Defendants–Respondents.

No. 23533.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 7, 2001.

Motion for Rehearing and Transfer to Supreme Court Denied Dec. 3, 2001.

Application for Transfer Denied Jan. 22, 2002.

Christopher J. Stark, Springfield, for Appellant.

Kevin M. FitzGerald, Taylor, Stafford, Clithero, Fitzgerald & Harris, LLP, Springfield, for Respondents Kenneth and Jo Ann Dutoit.

Lee J. Viorel, Husch & Eppenberger, LLC, Springfield, for Respondents Bank of Kimberling City, Charles B. Cowherd and Joseph P. Gaunt, as Trustee.

Larry K. Bratvold, Springfield, for Respondent Joe Farley.

NANCY STEFFEN RAHMEYER, Judge.

Concrete Company of the Ozarks ("Conco") brought suit against twenty-two defendants for enforcement of a mechanics' lien pursuant to Chapter 429 of the Revised Statutes of Missouri. The defendants are the developer, general contractor, lot owners, financial institutions, other lien claimants and any other parties with

an interest in the real property known as Catamount Ridge North located in Stone County, Missouri.[1] Conco brought a nine-count suit, but this appeal is only concerned with Count I, which purports to be the request for enforcement of one lien covering twenty separate lots.

Respondents Kenneth and JoAnne Dutoit, Bank of Kimberling City, Charles B. Cowherd, Trustee and Joseph P. Gaunt, Trustee (collectively, "Respondents"),[2] filed motions to dismiss Count I of Appellant's Amended Petition alleging that § 429.040 [3] is the only section of Chapter 429 that allows for the filing of one lien over several lots. In their pleadings, Respondents contended that Conco did not satisfy the requirements under § 429.040 in that Conco did not file the lien against contiguous lots or under one general contract. After oral argument and the filing of various amended pleadings and affidavits, the trial court dismissed Count I of the petition as to the Respondents for the reasons that the lots were not contiguous and there was not one general contract.[4] Conco brought this appeal. We affirm.[5]

■ Conco and the defendants agree that our standard of review is determined based on the granting of a motion to dismiss; however, both parties also agree that the court granted the dismissal after a review of the stipulated plat and multiple invoices attached as exhibits to the amended petition. In reviewing the circuit court's dismissal, while treating the facts averred as true and construing all averments liberally and favorably to Conco, we determine if the facts pled and the inferences reasonably drawn therefrom state any ground for relief. *Kanagawa v. State By and Through Freeman*, 685 S.W.2d 831, 834 (Mo. banc 1985). The trial court was bound to assume the facts pled by Conco were true, but could find that the facts were insufficient as a matter of law. *State ex rel. Nixon v. American Tobacco Company*, 34 S.W.3d 122, 134 (Mo. banc 2000). When the parties introduce evidence beyond that contained in the petition, a motion to dismiss is converted to a motion for summary judgment and the parties are treated as if they know that the motion was so converted. *Sale v. Slitz*, 998 S.W.2d 159, 162 (Mo.App. S.D.1999).

Conco does not contest the ruling of the trial court as violating Rule 55.27(a).[6] The relevant portion of Rule 55.27(a) reads:

If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 74.04. All parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 74.04.

---

1. Various defendants have been dismissed out of the suit for various reasons, but it is not necessary to sort out the remaining defendants for purposes of this appeal.

2. Several other defendants filed motions to dismiss based on the same grounds, but they are not respondents in the pending appeal.

3. All references to statutes are to RSMo 2000, unless otherwise indicated.

4. The Dutoits are named in a remaining count of the Amended Petition; however, the court, finding no just reason for delay, made the judgment final for the purposes of appeal. The remaining counts of the lien action are pending in the court below.

5. The Dutoits's Motion to Dismiss or to disregard brief of alleged Respondent Joe Farley is denied.

6. All rule references are to Supreme Court Rules (2001), unless otherwise stated.

Pursuant to Rule 55.27(a), we shall treat the ruling of the trial court as a granting of summary judgment. *Slitz,* 998 S.W.2d at 162; Rule 55.27(a). Review on appeal of summary judgment is essentially *de novo. Slitz,* 998 S.W.2d. at 162. The record is reviewed in the light most favorable to the party against whom summary judgment was entered. *Id.* at 163.

Conco's sole point on appeal is as follows:

The Trial Court erred in sustaining the various Defendants' motions to dismiss as to Count I of Plaintiff's First Amended Petition, because the Trial Court failed to determine if facts pleaded and inferences reasonably drawn therefrom stated a ground for relief, and the Trial Court failed to treat the facts averred as true, and further failed to construe all averments of the mechanic's lien statutes liberally and favorably to the Plaintiff, in that the Plaintiff pled in Count I of its First Amended Petition all the essential elements to state a cause of action for a mechanic's lien under § 429.010 et seq. RSMo., and specifically pled that the materials furnished by the Plaintiff were furnished under one general contract and one continuous arrangement between Plaintiff and Defendant, Joe Farley, wherein Plaintiff agreed to provide concrete and other building materials and supplies to and for the commercial development known as Catamount Ridge North Phase 1 consisting of foundations, foundation pads, driveways, basements, and other concrete work, and that said account constitutes one continuous running and connected account.

■ The trial court examined the plat for Catamount Ridge that was attached to the pleadings. It was stipulated that the plat was correct. The trial court determined that the lots were not contiguous.

Conco admitted in its pleadings at the trial level and in oral argument on appeal that it was not contending that the lots referred to in Count I are contiguous. Rather, in its argument on appeal, Conco takes issue with the finding of the trial court that there were multiple contracts and that § 429.040 is the proper section to file a lien on multiple lots.

■ Even if Conco's allegation concerning "one continuous running and connected account" is correct, its argument still fails because the facts do not fit within any set of circumstances that would allow one lien to be effective over all the lots. The trial court based its dismissal upon Conco's non-compliance with § 429.040. Section 429.040 reads:

When the improvements consist of two or more buildings, united together and situated upon the same lot or contiguous lots, or separate buildings upon contiguous lots, or a continuous or connected sidewalk in front or alongside of contiguous lots, *and* erected under one general contract, it shall not be necessary to file a separate lien upon each building or lot for the work done or materials furnished in the erection of such improvements. (Emphasis added).

For a lien to be effective under that statute there must be contiguous lots. If the lots are not contiguous within the meaning of § 429.040, then one notice of a mechanics' lien for the whole area is not sufficient and is unauthorized by the statute. *Stewart Concrete & Material Company v. James H. Stanton Construction Company,* 433 S.W.2d 76, 79 (Mo.App.1968); *see also Roy F. Stamm Electric Co. v. Hamilton–Brown Shoe Co.,* 350 Mo. 1178, 171 S.W.2d 580, 582 (1943). As Conco admits, the lots Conco purports to cover with one lien are not contiguous. Therefore, Conco can not prevail under § 429.040 regardless of the

structure of the contract (or contracts) relating to the development.

■ Conco also argues that the court erred in its analysis that the lien was effective only if filed pursuant to § 429.040. Conco contends its lien is effective under § 429.010. We disagree and find that § 429.040 is the exclusive statute under which to file one lien on more than one lot. This is evident from the language of the statute as well as the case law concerning the relevant statutes.

Section 429.010 is entitled "Mechanics' and materialmen's lien, who may assert—extent of lien." The portion of § 429.010 relevant to this case states,

> Any person who shall do or perform any work or labor upon, or furnish any material ... for any building, erection or improvements upon land ... under or by virtue of any contract with the owner or proprietor thereof ..., upon complying with the provisions of sections 429.010 to 429.340, shall have for his work or labor done, or materials ... a lien upon such building, erection or improvements, and upon the land belonging to such owner or proprietor on which the same are situated, to the extent of three acres[.]

Section 429.010 states that there must be compliance with §§ 429.010 to 429.340. Section 429.010 generally speaks to one building and one lot of land. It is a more general provision for filing liens. A close review of § 429.040 reveals that the statute was meant to be more of a specialized lien statute. No other part of Chapter 429 specifically addresses one lien over several lots. One part of a statute should not be read in isolation from the entire act and different statutory provisions in an act should be harmonized. *See Martinez v. State,* 24 S.W.3d 10, 18 (Mo.App. E.D. 2000). Reading § 429.040 with § 429.010 and harmonizing the two statutes allows the two statutes to work together without overlapping. The drafting of the relevant provisions of Chapter 429 indicate that § 429.040 is the exclusive method to file a blanket lien.

In *United Lumber Company v. Minmar Investment Company,* 472 S.W.2d 630 (Mo.App.1971), a materialman was allowed to place a mechanics' lien on seven residences in a subdivision. As in the case at issue here, the named defendants were the developer of the subdivision, other lien claimants, the record owners of the lots, the holders of individual notes and deeds of trust and the trustees named in those deeds of trust. *Id.* at 631. The court, in giving a history of § 429.040, noted that the legislature, for the evident purpose of changing the rule as declared in earlier cases, passed what is now § 429.040. *Id.* at 635. The court noted, "it has been held that absent evidence that the materials were furnished under one contract for the erection of all of the buildings on contiguous lots, a purported lien was invalid." *Id.* at 636. Relying upon § 429.040, the court reversed the judgment for the materialmen. *Id.*

Other cases have also indicated in order to file one lien over several lots there must be compliance with § 429.040. This ruling implies that § 429.040 is the exclusive statute for such a procedure. In *Stamm Electric Company v. Hamilton–Brown Shoe Company,* 350 Mo. 1178, 171 S.W.2d 580 (1943), Stamm Electric was attempting to enforce one lien over two buildings located on three lots. There was no dispute that the work was done under one general contract. The Missouri Supreme Court stated that the statute at issue was what is identical in substance to the current § 429.040. 171 S.W.2d at 582. The court stated, "If the lots on which the two buildings are situated are not contiguous within the meaning of this statute, then the lower

court was correct in denying the single lien which plaintiff sought." *Id.* Thus, the court implied that the provisions now found in § 429.040 were the exclusive way to file a blanket lien.

Similarly, in *Stewart Concrete & Material Company v. James H. Stanton Construction Company,* 433 S.W.2d 76 (Mo. App.1968), the concrete company filed a single lien purportedly covering eight lots on which residences were constructed. 433 S.W.2d at 77–78. The construction company challenged the enforceability of the lien. *Id.* at 77. In beginning its analysis, the court stated, "The notice of mechanics' lien and the suit sought to impress the lien upon eight specifically described lots. It was, therefore, necessary, if the lien were to be valid, for it to be in compliance with Section 429.040...." *Id.* at 79 (internal citation omitted). Thus, case law supports holding that § 429.040 is the exclusive avenue for filing a blanket lien covering more than one building or lot.

We do hold that § 429.040 is the exclusive statute under which to file a blanket lien. Section 429.040 can not support the lien in this case because, as Conco admits, the lots are not contiguous. Section 429.010 is not applicable to the blanket liens at issue in Count I of Conco's Amended Petition. The trial court did not err in dismissing Count I of Conco's Petition.

The judgment is affirmed.

PREWITT and PARRISH, JJ., concur.