### State of Vermont v. Timothy Mayo

[398 A.2d 303]

No. 45-78

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed February 6, 1979

*John A. Rocray,* Windham County State's Attorney, and *Jesse Corum, IV,* Deputy State's Attorney, Brattleboro, for Plaintiff.

*Alan G. Thompson* and *Robert Grussing, III,* Brattleboro, for Defendant.

**Billings, J.** Defendant-appellant was convicted after a jury trial of operating a motor vehicle while under the influence of intoxicating liquor, 23 V.S.A. § 1201(a)(2). The defendant appeals, claiming that evidence of his refusal to submit to a chemical test should have been suppressed. He bases his claim on a six weeks' delay between the time of his arraignment on the criminal charge and the summary "reasonableness" hearing mandated by 23 V.S.A. § 1205(a). This hearing is the procedure provided by law for suspending a person's privilege to drive where his refusal to submit to a chemical test follows a request to submit based upon an officer's reasonable belief that the person was operating a motor vehicle unlawfully.

The defendant was arraigned on September 19, 1977, and was ordered to be ready for trial on October 12, 1977. On October 25, 1977, the day set for a jury drawing, the trial judge discovered that no "reasonableness" hearing had been held. The trial court granted the State a continuance so that the hearing could be held. On October 31, 1977, such a hearing was held over the defendant's objections.

23 V.S.A. § 1205(a) provides:

> (a) If the person refuses to submit to a chemical test, it shall not be given but such refusal may be introduced as evidence in a criminal proceeding. If the person is charged with a violation of the vehicle laws, the court at the arraignment or as soon thereafter as is practicable shall hold a summary hearing, and take evidence relating to the reasonableness of the officer's belief that the respondent was operating, attempting to operate or in actual physical control of a vehicle on a highway while under the influence of intoxicating liquor . . . .

The plaintiff asserts that the "reasonableness" hearing was not held "as soon as practicable," and that the trial court abused its discretion in granting the State a continuance to hold such a hearing. His claim is that, as the strict mandates of the statute were not followed, evidence of his refusal to submit to a chemical test should have been suppressed, and that its introduction was prejudicial in view of the inferences the jury might draw from his refusal.

The summary hearing pursuant to 23 V.S.A. § 1205(a) is in the nature of an administrative proceeding and is the determination of a civil matter involving only the question of whether

a defendant should continue to hold his privilege as a licensed driver. *State* v. *Welch*, 135 Vt. 316, 376 A.2d 351 (1977). The right to refuse to submit to a chemical test is a creature of statute, 23 V.S.A. § 1205, which the Legislature has conditioned by providing that any refusal may be introduced as evidence in a criminal proceeding. *State* v. *Brean*, 136 Vt. 147, 385 A.2d 1085 (1978). In the case at bar, such evidence was admissible, as authorized by statute, and was admissible regardless of whether a "reasonableness" hearing had or had not been held.

Neither the forty-two day delay between the arraignment and the "reasonableness" hearing, nor the trial court's granting of a continuance for such hearing constituted error as a matter of law. The delay and continuance were in no way prejudicial to the defendant's rights, since the evidence was admissible in a criminal action even without such a hearing.

*Affirmed.*