WILLIAM DEMOS, Plaintiff and Counterdefendant-Appellant, *v.* FRANCES HABER, Defendant and Counterplaintiff-Appellee.

First District (4th Division)    No. 80-2599

Opinion filed November 5, 1981.

Kusper & Raucci, of Chicago (Michael P. McClelland, of counsel), for appellant.

James P. Chapman, of Uptown People's Law Center, of Chicago, and Alan Mills, law student, for appellee.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Following a bench trial, judgment was entered denying plaintiff the relief prayed for in his complaint and granting defendant-counterplaintiff a judgment on her counterclaim in the amount of $5,000. Plaintiff appeals from the denial of his motion for a new trial. The issues on appeal are (1) whether plaintiff was denied the proper time to answer defendant's counterclaim thereby denying him due process of law; and (2) whether the trial court abused its discretion in denying plaintiff's request for a

continuance to retain an attorney. The brief procedural background of the case is as follows.

Plaintiff filed a *pro se* complaint in the special *pro se* branch of the small claims court in the First Municipal District of the circuit court of Cook County pursuant to general order No. 72—8(M) of the Municipal Department (District One) of the circuit court of Cook County. In accordance with Rules 1 and 4(c) promulgated thereunder, plaintiff's claim was limited to a maximum of $500, and he was prohibited from being represented by an attorney.

On June 9, 1980, the return date, defendant filed an appearance by her attorney, an answer and a counterclaim praying for damages in the amount of $10,000. The claims were set for hearing on June 23, 1980. The half-sheet shows that on June 23, 1980, by order of court, the case was continued to July 1, 1980, with the notation "final." On July 1, 1980, the case was transferred to the chief judge who reassigned it for trial from *pro se* court to a court considering general municipal matters. The plaintiff then moved for a continuance to get an attorney. The motion was denied and the case proceeded to trial, resulting in a judgment against plaintiff on his complaint and for the defendant-counterplaintiff on her counterclaim.

Plaintiff first contends he should have been given 21 days from the date the case was transferred to answer the counterclaim because a different set of procedural rules became operative at that time. In *pro se* court, pursuant to Rule 5A of general order No. 72—8(M), defendant had until the first scheduled hearing date, July 23, 1980, to file a counterclaim. Under Supreme Court Rule 286 (Ill. Rev. Stat. 1977, ch. 110A, par. 286), plaintiff was not required to file an answer to the counterclaim and all of the allegations were considered as denied. Any defense was available to plaintiff as if specifically pleaded.

Upon transfer of the case, the small claims provisions of the Supreme Court Rules ceased to apply and Supreme Court Rule 182(b) (Ill. Rev. Stat. 1979, ch. 110A, par. 182(b)) became applicable. Rule 182(b) states that answers to counterclaims shall be filed within 21 days after the last day allowed for the filing of the counterclaim. Plaintiff therefore argues that he had the right to file an answer to the counterclaim within 3 weeks after June 23, 1980, the last day allowed for defendant to file a counter-claim, and was precluded from so doing by the July 1, 1980, trial.

■■ While plaintiff's contention has merit, we do not believe that denial of time to file an answer to a counterclaim warrants granting a new trial. Plaintiff did not raise that argument as a reason for requesting a continuance. In addition, section 40(2) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 40(2)), which also became applicable when the case was transferred, provides:

"Every allegation, except allegations of damages, not explicitly

denied is admitted, * * * unless the party has had no opportunity to deny."

Plaintiff does not contend that the allegations in the counterclaim were treated as admitted or that he was prevented from raising or proving any affirmative defenses. Accordingly we do not find that he was prejudiced by not filing an answer to the counterclaim.

Plaintiff next argues that the trial court abused its discretion in denying his motion for a continuance to secure an attorney. As of 9:30 a.m. on the July 1, 1980, trial date, the case was assigned to *pro se* court and plaintiff was prohibited from being represented by counsel by Rule 4C of general order No. 72—8(M). After the case was transferred, plaintiff then had the option of being represented by a lawyer. His request for a continuance to have an attorney represent him was denied at 11 o'clock that morning. According to the half-sheet, this was plaintiff's first request for a continuance.

■■■ The absence of an attorney does not give a litigant the right to a continuance, but the diligence of the party seeking it is a critical consideration in determining whether or not to grant a continuance. (*Thilman & Co. v. Esposito* (1980), 87 Ill. App. 3d 289, 294, 408 N.E.2d 1014, 1018.) Under the circumstances presented here, the trial court ruled improperly in denying plaintiff's request for a continuance and requiring him to prosecute his complaint and defend a $10,000 counterclaim *pro se*.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and the cause is remanded for a new trial.

Reversed and remanded.

ROMITI, P. J., and LINN, J., concur.