## Tariff Filing of New England Telephone & Telegraph Company Re: Rate Change Based Upon Depreciation Represcription

[505 A.2d 680]

No. 84-517

Present: **Hill, Peck, Gibson and Hayes, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed January 24, 1986

504

*Christopher M. Bennett*, Boston, Massachusetts, and *Miller, Eggleston & Rosenberg, Ltd.*, Burlington, for Plaintiff-Appellee.

*Gerald R. Tarrant* and *Michael J. Marks*, Directors for Public Advocacy, and *Sienna P. Walton*, Special Counsel, Montpelier, for Defendant-Appellant.

**Gibson, J.** The Department of Public Service (Department) appeals an order of the Public Service Board (Board) issued September 21, 1984 granting a $3,253,000 rate increase to New England Telephone & Telegraph Company (NET). The Department contends that the procedure followed by the Board in granting the rate increase constituted selective updating, a forbidden ratemaking procedure. We agree, and accordingly reverse.

On May 18, 1984 NET filed a request with the Board to increase rates by $3,253,000, based solely on certain changes it proposed to implement in its depreciation schedules. The proposed changes were also submitted to the Federal Communications Commission (FCC) for its approval. While the instant case was pending, the Board also heard a companion rate case filed by NET that dealt with issues other than depreciation. A proposed consolidation of the two proceedings was opposed by the Department and denied by the Board. Accordingly, the two proceedings were heard separately and treated as individual rate cases by the Board.

On October 5, 1984 the Board issued an order granting NET a $7,500,000 rate increase in the general rate case. An appeal of that order is currently pending before this Court. On October 12, 1984, the FCC staff gave permission to NET to begin booking its new depreciation rates "on an interim basis" pending a ruling thereon by the FCC, which, on December 19, 1984, issued its ruling prescribing NET's use of the depreciation rates earlier approved by its staff. The $7,500,000 rate increase and the $3,253,000 rate increase were put into effect by NET on October

14, 1984. This Court granted the Department's motion for a stay of the $3,253,000 increase on December 28, 1984, following the Board's denial of a similar motion filed by the Department below. *In re New England Telephone & Telegraph Co.*, 145 Vt. 309, 315, 488 A.2d 746, 750 (1984).

■ The Department raises two arguments on appeal: (1) that the Board's order, by focusing solely on depreciation rates and policies without considering other cost or revenue factors, constituted selective updating, a forbidden ratemaking procedure, *In re Central Vermont Public Service Corp.*, 144 Vt. 46, 59, 473 A.2d 1155, 1162 (1984), and (2) that the Board engaged in illegal retroactive ratemaking when it granted a rate increase that forces present and future ratepayers to pay for past depreciation under-accruals. Inasmuch as the second issue was not raised below, and the Board has had no opportunity to consider it, we will not address it herein. *State* v. *Ruud*, 143 Vt. 392, 396, 465 A.2d 1377, 1379 (1983); *State* v. *Durling*, 140 Vt. 491, 496-98, 442 A.2d 455, 457-58 (1981).

NET contends that the first issue also was not raised below. The Department argues, however, that the issue was before the Board throughout the proceedings. The September 21, 1984 decision of the Board acknowledged that "[t]he increase is based entirely upon changes in depreciation rates and policies," and the Department plainly presented the issue to the Board in its motion for a stay. In denying that motion, the Board concluded that the Department's motion "raises no new arguments." We are satisfied that the issue was raised below and that the Board had ample opportunity to consider it.

■ In considering the briefs and arguments of counsel herein, we find no arguments that were not previously considered when we granted the Department's motion for a stay. At that time, we concluded:

> NET has been allowed to make an adjustment in its rates to the public based solely on a change in its depreciation rates and policies without an analysis of other important ratemaking factors, such as rate of return, rate base, and operating revenues and expenses. When a rate change is authorized, as here, it will not suffice to say that such factors were being dealt with in a separate proceeding. Each rate case must stand or fall on its own merits. The other proceeding,

having been appealed, is not yet finally determined; a reversal of that case would not affect the instant proceeding, and the rates authorized herein would thus remain in effect without the sanction of a determination by the Board that they were just and reasonable.

We have no quarrel with the agreement of the parties, in light of the complicated nature of the subject matter, to deal with the problems of depreciation in a proceeding independent from the general rate case. However, before any changes in depreciation rates and policies may be translated into changes in the rates charged to the public, the Board must follow the procedures established by law.

*In re New England Telephone, supra,* 145 Vt. at 313, 488 A.2d at 748-49. The principles set forth above have not changed. The order of the Board is a clear case of selective updating; it must therefore be reversed.

*Reversed and remanded.*