## State of Vermont v. Richard Nichols

[556 A.2d 75]

No. 88-103

Present: **Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.**

Opinion Filed November 23, 1988

*Mark T. Cameron, Windsor County Deputy State's Attorney,* and *Ruth E. Clough, Law Clerk (On the Brief)*, White River Junction, for Plaintiff-Appellee.

*Matthew I. Levine* and *Margaret O'Rourke, Law Clerk (On the Brief)*, of *Welch, Graham and Manby*, White River Junction, for Defendant-Appellant.

**Dooley, J.** Defendant appeals the denial of a petition for extraordinary relief brought in superior court pursuant to V.R.A.P. 21(b). We affirm.

On May 8, 1987, defendant was stopped for driving under the influence of alcohol, 23 V.S.A. § 1201(a)(2), and driving with his license suspended, 23 V.S.A. § 674(a). Defendant was arraigned on June 9, 1987. Since defendant refused to submit to an evidentiary test, a refusal hearing was scheduled. See 23 V.S.A. § 1205. The court gave defendant a notice directing him to "personally appear in this court for a refusal hearing" on June 23, 1987. Defendant signed the order at the bottom indicating that he had read the order and understood it. Thereafter, counsel was appointed for defendant for both the criminal case and the refusal proceeding. No separate notice of the refusal hearing was provided to counsel, and defendant failed to inform his counsel of the hearing. Defendant's counsel learned of the refusal hearing on the day it was held. He moved unsuccessfully for a continuance,

and the hearing went forward without the defendant being present. The court found that the arresting officer had reasonable grounds to believe the defendant was operating a motor vehicle under the influence of intoxicating liquor. See 23 V.S.A. § 1205.

Defendant brought a petition for extraordinary relief in the superior court pursuant to V.R.A.P. 21(b), alleging that the failure to give his counsel notice of the refusal hearing denied him due process of law and that the failure to make an in-court identification of defendant as the operator invalidated the refusal hearing decision. Following the denial of the petition in the trial court, defendant appeals here.

The summary refusal hearing provided for in 23 V.S.A. § 1025(a) is in the nature of a civil administrative hearing. *State* v. *Lynaugh*, 148 Vt. 124, 126, 530 A.2d 555, 557 (1987); *State* v. *Mayo*, 137 Vt. 77, 78-79, 398 A.2d 303, 304 (1979). Both our civil and criminal rules are structured to provide notice to a lawyer of events occurring and documents filed after the lawyer enters the case. Thus, V.R.C.P. 5(a), (b) provides for service of "written notice" by mail upon an attorney if the party is represented by an attorney at the time the notice is sent. See also V.R.Cr.P. 49(b). There is no requirement that the court or other parties notify the lawyer of documents filed and served or notices sent before the lawyer entered the case. Thus, a lawyer entering a case after it commences has a duty to consult the official court file to determine whether there are relevant notices or documents of record. The failure of the lawyer to do so in this case resulted in his failure to earlier learn of the refusal hearing.

The decision on whether to grant a continuance in this case was within the discretion of the trial judge, and this decision must be upheld unless the discretion is exercised on grounds clearly untenable or to an extent clearly unreasonable. *Kokoletsos* v. *Frank Babcock & Son, Inc.* 149 Vt. 33, 35, 538 A.2d 178, 179 (1987). Defendant failed to appear at the refusal hearing despite a clear, written direction to do so. Nothing in our procedural rules gave him any right to expect that the hearing would not be held unless it was confirmed by his lawyer. The failure of the lawyer to prepare and appear ready to try the case might be grounds for continuance, but the defendant must show that his "failure to be represented at trial was not due to . . . [his] own fault or negligence." *State* v. *Crank*, 666 S.W.2d 91, 94 (Tex. 1984); *Demos* v. *Haber*, 101 Ill. App. 3d 901, 903, 428 N.E.2d 972, 973-74 (1981).

The district court could properly find in this case that defendant was at fault in failing to notify counsel of the hearing. There is no abuse of discretion.

Defendant's case fares no better when cast as a constitutional challenge. As defendant argues, he was entitled to notice and an opportunity to be heard. *Goldberg* v. *Kelly,* 397 U.S. 254, 267 (1970). The facts demonstrate that he received both notice and the opportunity to be heard.

Defendant also contends that the State failed to make an in-court identification of the defendant as the operator. See *State v. Rudd,* 143 Vt. 392, 395, 465 A.2d 1377, 1378-79 (1983) (identification is a "vital and indispensable element" of a violation of § 1205). Nothing in the statute requires that the identification of defendant be based on in-court recognition by the arresting officer. In this case, the officer testified that he was personally familiar with defendant and, therefore, identified defendant as the operator. The failure to obtain better evidence of the identity of the operator was caused by defendant's failure to appear. We find that the State proved its case adequately under § 1205.

*Affirmed.*