## State of Vermont v. James C. Meyers

[569 A.2d 1081]

No. 88-415

Present: **Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.**

Opinion Filed December 1, 1989

*Jeffrey L. Amestoy*, Attorney General, *Susan R. Harritt*, Assistant Attorney General, and *Craig Cwick*, Law Clerk (On the Brief), Montpelier, for Plaintiff-Appellee.

*Zuccaro, Willis & Bent*, St. Johnsbury, for Defendant-Appellant.

**Gibson, J.** Defendant appeals from a conviction, following a jury trial, of careless and negligent operation of a motor vehicle. We affirm.

## I.

On September 6, 1987, defendant failed to negotiate a curve in a road with which he was familiar and struck another car approximately thirteen feet across the road's centerline, injuring both himself and persons in the other vehicle. The speed limit on the road was generally fifty miles per hour, but a speed of thirty-five miles per hour was posted shortly before the curve.

Defendant was charged with careless and negligent operation of a motor vehicle pursuant to 23 V.S.A. § 1091(a)[1] and arraigned on October 19, 1987. Initially, defendant was denied the services of a public defender because a prison sentence was not anticipated. In December of 1987, while defendant was still representing himself, the court directed him to provide a list of defense witnesses for the State, warning him that failure to do so risked exclusion at trial of any witnesses not noticed.

On March 9, 1988, defendant was granted public defender services. At a status conference before a new judge on April 6, defendant stated that he needed additional time to depose the State's witnesses and to look into finding an accident reconstruction witness. A second status conference was held on May 4, at which time the court granted defendant's request for additional time to review the deposition of the State's expert with his own reconstruction expert. On May 19, the court denied another request by defendant for a continuance in order to secure an accident reconstruction specialist, stating that the case had already been continued for that purpose and that the time granted to locate such an expert was sufficient. During voir dire on May 24, defendant informed the jury that he might be calling a Mr. Lucas as a witness on accident reconstruction.

Two days later on the morning of the trial, Mr. Lucas inspected the accident site, and defendant informed the court and the State that Mr. Lucas was present in the courthouse and would testify as an expert witness for the defense. After the State requested either an exclusion of the witness or a continuance to examine the witness' proposed testimony, the court directed the State to depose Mr. Lucas to determine whether additional time would be required to prepare for his testimony. The witness could not be located in the courthouse, however,

---

[1] 23 V.S.A. § 1091(a) provides:

> No person shall operate a motor vehicle on a public highway in a careless or negligent manner, or upon a wager, for racing purposes, or for the purpose of making a record, or in any manner to endanger or jeopardize the safety, life or property of a person. A person who violates this section shall be punished upon a first conviction by a fine of not more than $300.00 or by imprisonment for not more than three months, or both; and upon a second conviction by a fine of not more than $500.00 or by imprisonment for not more than six months, or both.

and the court decided to exclude the testimony rather than delay the trial. Later, during the trial, at the suggestion of defense counsel and over the State's opposition, the court agreed to allow defendant's expert to testify that he was an accident reconstruction specialist, that he had inspected the scene of the accident, and that he disagreed with the State expert's characterization of the tire marks which led to an estimation of the speed of defendant's vehicle.

At a post-trial conference immediately after the jury returned its guilty verdict, the court directed the State to inform the victim that she could appear the following day to make a victim-impact statement at the sentencing hearing. The court added that it intended to order restitution in the amount not covered by insurance and give defendant a suspended jail sentence. At the hearing the next day, the victim expressed outrage at the tendency of the legal system to ignore the rights of victims while going out of its way to insure defendants' rights, and she implored the court to give defendant the maximum sentence. After listening to statements by the victim, the defendant, and opposing counsel, the court noted several prior traffic violations by defendant, including a DWI conviction. The court ordered defendant to pay restitution in the amount not covered by insurance and serve nine days in jail on consecutive weekends.

Defendant appeals from the conviction and sentencing, claiming that the court erred by restricting the testimony of defendant's expert and by improperly considering the victim's impact statement.

## II.

Defendant first contends that the court's refusal to allow his expert to testify that defendant was traveling fifty-five miles per hour rather than seventy-one miles per hour was improper because defendant did not violate any discovery rules and because the exclusion violated his constitutional right to present evidence in his favor. We decline to address defendant's constitutional argument, as it was never argued before the trial court and does not rise to the level of plain error. See *State v. Paquette*, 151 Vt. 631, 636, 563 A.2d 632, 636 (1989). In light of the

fact that the speed of defendant's vehicle was not an element of the crime with which he was charged and that his expert was permitted to give limited testimony disputing the evidence upon which the speed of the vehicle was estimated, we are unable to perceive any extraordinary circumstances that would warrant our considering the issue at this time. See *State v. Maguire*, 146 Vt. 49, 54, 498 A.2d 1028, 1031 (1985).

Accordingly, the only issue we need address pertaining to the partial exclusion of the expert testimony of defendant's witness is whether the court abused its discretion when it limited the testimony. Pursuant to V.R.Cr.P. 16.1(b), the court may require defense counsel to allow the prosecuting attorney to inspect reports of any experts the defendant intends to use at trial. In addition, V.R.Cr.P. 16.1(c) mandates that defense counsel, upon request by the prosecuting attorney, disclose the names and addresses of any persons who will testify for defendant at trial. Further, a party is under a continuing duty to disclose any additional material or information that is discovered subsequent to initial compliance with Rule 16.1 or a court order. V.R.Cr.P. 16.2(b). Finally, upon learning that a party has failed to comply with discovery rules or orders, "the court may order such party to permit the discovery of material and information not previously disclosed, grant a continuance, or enter such other order as it deems just under the circumstances." V.R.Cr.P. 16.2(g).

In the instant case, the court issued a pretrial discovery order several months before trial essentially requiring that defendant abide by Rule 16.1. Defendant contends that his remark during voir dire two days before trial that Mr. Lucas might testify, coupled with the "availability" of his expert on the day of the trial, constitute compliance with the discovery rules and the court's pretrial order. We disagree.

We note initially that the fact that the court's pretrial order was originally issued to defendant pro se does not exonerate defense counsel from later following up on the order. "[A] lawyer entering a case after it commences has a duty to consult the official court file to determine whether there are relevant notices or documents of record." *State v. Nichols*, 150 Vt. 563,

564, 556 A.2d 75, 76 (1988). Regarding the timeliness of defendant's notice, although the record indicates that defendant may have known that he was going to call Mr. Lucas as a witness two days before the trial, he explicitly refused to confirm that fact when approached by the prosecuting attorney. Even after his untimely disclosure of his intention to call Mr. Lucas on the morning of the trial, defendant was unable to locate him. The purpose of Rule 16.1 is to assist the prosecution in trial preparation, see Reporter's Notes, V.R.Cr.P. 16.1; thus, allowing defendant to call a witness whose testimony was disclosed to the prosecuting attorney only hours before the trial might well undermine the purpose of that rule.

■■ A court's determination of whether to exclude expert testimony is discretionary and will not be disturbed unless the defendant shows a clear abuse of discretion. *State v. Blaine*, 148 Vt. 272, 275, 531 A.2d 933, 934 (1987). Certainly, in the instant case the trial court did not abuse its discretion. Indeed, the court gave defendant every opportunity to present Mr. Lucas' testimony by (1) granting a continuance for defendant to find an expert to go over the deposition of the State's expert, (2) directing the State to depose defendant's expert on the very morning of the trial in order to determine if it would be possible to permit the expert testimony, and (3) allowing Mr. Lucas to testify in his capacity as an accident reconstruction specialist that the basis of the State's conclusion regarding the speed of defendant's vehicle at the time of the accident was incorrect. Considering defendant's negligence in notifying the State of his intention to put Mr. Lucas on the stand, the court's sanction was reasonable.

### III.

■ Defendant also contends for the first time on appeal that the victim's statement during sentencing improperly influenced the trial judge, resulting in a nine-day jail sentence. Specifically, defendant alleges that the victim's comments regarding her sense of outrage at the perceived lenient treatment of criminals by the court went beyond what a victim-impact statement may

entail[2] and amounted to improper public pressure on the trial judge that in fact swayed his opinion. Once again, defendant raises a point that was never addressed before the trial court; therefore, we need not consider the argument on appeal.

Nevertheless, we point out that the statement of the victim in the instant case does not remotely approach the "public clamor" noted in *State v. Rice*, 145 Vt. 25, 32–33, 483 A.2d 248, 252–53 (1984), where we held that it was self-evident from the record that one of the trial judge's reasons for enhancing the initial sentence of the defendant was pressure exerted on him by twenty-two petitions signed by 572 persons indicating dissatisfaction with the original sentence. In the instant case, no public clamor existed, and no sentence was modified. See *State v. Helton*, 151 Vt. 321, 325, 559 A.2d 697, 700 (1989).

The trial judge discussed defendant's prior motor vehicle record and explicitly stated that his sentence was based on consideration of that record. The fact that the judge had had access to the record since arraignment and that he had indicated as late as the day before sentencing that a suspended sentence would be given is not helpful to defendant. The judge was certainly entitled to change his mind before the actual sentencing hearing took place, and there is no indication that defendant's prior record was ever considered before the hearing. Absent a clear showing from the record that an overbroad victim impact statement unduly influenced the court's sentence, we will accept at face value the court's reasons for imposing the sentence. See *State v. Dunbar*, 152 Vt. 399, 415, 566 A.2d 970, 979 (1989).

*Affirmed.*

---

[2] 13 V.S.A. § 7006 provides, inter alia, that the victim of a crime has the right "to appear, personally, to express reasonably his or her views concerning the crime, the person convicted, and the need for restitution" and that "[i]n imposing sentence, the court shall consider any statements made by a victim or next of kin." 13 V.S.A. § 7006(a)(2),(c).