STATE of Vermont v. Richard
DIESL

[596 A.2d 343]

No. 90-560

June 24, 1991. Defendant driver appeals from a district court finding pursuant to 23 V.S.A. § 1205(g) that the police officer who stopped him had reasonable grounds to believe that he was operating a motor vehicle in violation of 23 V.S.A. § 1201 and test results indicated a BAC in excess of .10 percent or more at the time he was operating the vehicle, which finding resulted in suspension of his license. We affirm.

At the district court review hearing under 23 V.S.A. § 1205(e) the State proceeded by affidavit, as provided in 23 V.S.A. § 1205(h). On appeal defendant argues that 23 V.S.A. § 1205(f)(1) requires an in-court identification of the defendant as the person who was operating a vehicle in violation of § 1201. That section provides:

(f) **Issues at hearing.** The issues at the hearing shall be limited to the following:

(1) whether the law enforcement officer had reasonable grounds to believe the person was operating, attempting to operate or in actual physical control of a vehicle in violation of section 1201 of this title.

This provision focuses on the actions of the driver, not his identity. No in-

court identification is required by the statute. *State v. Nichols*, 150 Vt. 563, 565, 556 A.2d 75, 77 (1988). Moreover, there is no question as to defendant being the driver in this case. He admitted in testimony that he had been stopped by the officer on the date in question and that he had been driving the vehicle identified in the affidavit.

Defendant also argues that he did not receive "immediate notice of intention to suspend" under 23 V.S.A. § 1205(b), since the arresting officer sent the notice to suspend eleven days after the breath sample was analyzed. Defendant's rights were not violated by the delay in the suspension process. It is clear that the statutory language is designed to prompt officials to act expeditiously in these matters, not to establish a ten-day (or shorter) statute of limitations on suspensions. Defendant was not harmed by receipt of a notice eleven days after completion of the test. *State v. Camolli*, 156 Vt. 208, 214, 591 A.2d 53, 57 (1991) (the statutory language is merely directory, and compliance is not essential to a proceeding's validity).

*Affirmed.*