**STATE of Missouri, Respondent,**

v.

**Fred MITCHELL, Appellant.**

**No. 45050.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 16, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 4, 1983.

Robert J. Thomas, Jr., St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Judge.

Defendant appeals from a jury conviction of first degree assault. The jury recommended punishment of 8 years imprisonment but the trial court found defendant a persistent offender and sentenced him to 30 years imprisonment. Defendant's conviction is affirmed but we reverse the trial court's finding defendant a persistent offender and instruct the court to resentence defendant.

■ Defendant does not challenge the sufficiency of the evidence supporting his assault conviction. He claims, however, the trial court erred in admitting photographic evidence of the injuries defendant inflicted upon the victim. Defendant claims the photographs were rendered irrelevant and immaterial by the testimony of victim and others as to the extent of her injuries and were therefore unnecessarily inflammatory and prejudicial.

The state was required to prove defendant caused or attempted to cause serious physical injury to the victim. See § 565.050 RSMo 1978. The photographs showing the nature of the injuries inflicted were there-fore relevant to the seriousness of the injuries. "The fact that oral testimony described the facts portrayed in the photographs is no reason to reject the demonstrative evidence if it is otherwise relevant." *State v. Clemons,* 643 S.W.2d 803, 805 (Mo. banc 1983).

The admission of photographic evidence rests in the trial court's discretion. The trial court is in a much better position to balance the probative value with the prejudicial effect of the evidence offered. The fact the pictures may be gruesome is a reflection of the sort of crime committed. We find no abuse of the trial court's discretion.

■ Defendant's second point contends the trial court should not have considered defendant's court-martial conviction as one of the two felony convictions necessary to sentence defendant as a persistent offender. We agree.

■ "[T]he point at which a recidivist will be deemed to have demonstrated the necessary propensities and the amount of time that the recidivist will be isolated from society are matters largely within the discretion of the punishing jurisdiction." *Rummell v. Estelle,* 445 U.S. 263, 285, 100 S.Ct. 1133, 1145, 63 L.Ed.2d 382 (1980).

A conviction for an offense that would be a felony if committed in Missouri may be considered a felony conviction for purposes of the persistent offender statute, § 558.016 RSMo 1978. *State v. Brown,* 476 S.W.2d 519 (Mo.1972). Similarly, punishment may be enhanced based on federal court convictions. *State v. Cummings,* 607 S.W.2d 685 (Mo.1980). Prior convictions from other jurisdictions as well as from our own, however, must be valid to support enhanced punishment. *State v. Pfeifer,* 544 S.W.2d 317, 319–20 (Mo.App.1976).

■ We do not question the validity of courts martial for the purposes of military order and discipline. Further, we find nothing objectionable in the use of courts-martial for the purpose of impeaching a witnesses' credibility. See *State v. Him-*

**6**

*melmann,* 399 S.W.2d 58 (Mo.1966). Statutes enhancing punishment, however, are highly penal in nature and must be strictly construed. *State v. Lucas,* 520 S.W.2d 609 (Mo.App.1975).

In Missouri, the accused in a criminal prosecution enjoys the constitutional guaranty of "a speedy public trial by an impartial jury." Mo. Const. Art. I, § 18(a) (1945). See also U.S. Const.Amend. VI. Insofar as the right to trial by jury is not afforded by court-martial, we find that system of discipline sufficiently foreign from our own system of criminal justice and from that of our sister states and federal government so as to prohibit its use as a threshold predicate of enhanced punishment under § 558.016.

We reverse the trial court's enhanced sentence with instructions to resentence defendant in accordance with the record in this case. The judgment is in all other respects affirmed.

CRANDALL, P.J., and REINHARD, J., concur.