## State of Vermont v. Rodney Lew Rice

[483 A.2d 248]

No. 83-311

Present: Billings, C.J., Hill, Underwood and Peck, JJ., and Larrow, J. (Ret.), Specially Assigned

Opinion Filed August 17, 1984

26

*Ralph H. Sheppard,* Bennington County Deputy State's Attorney, Bennington, for Plaintiff-Appellee.

*David A. Gibson, E. Bruce Weber,* and *Jane K. Mills* (On the Brief), of *Weber, Perra & Gibson,* Brattleboro, for Defendant-Appellant.

**Underwood, J.** The Sentence Review Act, 13 V.S.A. § 7042, as amended by No. 223 of the Acts of 1981 Adjourned Session, permits the State, within seven days of the imposition of an initial sentence, to file with the sentencing judge a motion to increase that sentence. *Id.* § 7042(b). After a hearing the judge, in his discretion, is empowered to increase the severity of the initial sentence. *Id.* Defendant, who was given an enhanced sentence, raises two constitutional issues in this appeal. The first is whether the trial judge's application of § 7042(b) violates the double jeopardy clause of the Fifth Amendment of the United States Constitution by increasing defendant's initial sentence. The second issue is whether the trial judge, by admitting testimony at the sentence review hearing of alleged but unproven crimes, violated the defendant's rights under the due process clause of the Vermont Constitution (Chapter I, Article 10).

Defendant was initially charged in Vermont District Court, Unit 1, Bennington Circuit, with lewd and lascivious conduct with a nine-year-old child, 13 V.S.A. § 2602, and with sexual assault, 13 V.S.A. § 3252. On the day of trial, the defendant and the State entered into a plea bargain agreement wherein defendant, who consistently maintained he was innocent of the charges, agreed to enter an "Alford" type plea* of nolo contendere to the single crime of lewd and lascivious conduct, and in exchange the State agreed to nol pros the charge of sexual

* *North Carolina* v. *Alford,* 400 U.S. 25 (1970). See also Reporter's Notes to V.R.Cr.P. 11(f).

assault and to recommend a sentence of not less than two years nor more than five years to be served. The defendant, under the terms of the agreement, was free to argue for a lesser sentence, and a presentence investigation report was to be ordered.

At the sentencing hearing on April 27, 1983, the defendant continued to protest his innocence. The State argued for a term of imprisonment of not less than two nor more than five years to be served but offered no evidence; defense counsel argued for a lesser sentence. Upon consideration of the oral arguments of counsel and the presentence investigation report and recommendation of the Corrections Department, the judge imposed a sentence of not less than four nor more than five years. He suspended the sentence, however, and placed the defendant on probation, subject to special conditions in addition to those conditions usually imposed upon probationers. The special conditions were: that the defendant "undergo mental health or psychological evaluations and testing and such counselling and therapy that may be recommended as a result of that testing, that [the defendant] shall not participate in any organizations that involve activities with teen or preteen females, and that there not be present overnight in [the defendant's] home preteen or teenage females other than immediate members of [the defendant's] family."

Five days later, by a motion dated May 2, 1983, the State moved the court, pursuant to 13 V.S.A. § 7042(b), to increase the initial sentence. Over the defendant's objection, and following an evidentiary hearing, the judge who issued the initial sentence granted the State's motion, vacated the initial sentence and resentenced the defendant to a term of not less than two nor more than five years *to be served.*

## I.

## CLAIM OF DOUBLE JEOPARDY

The provision of our Sentence Review Act which is pertinent to this appeal is 13 V.S.A. § 7042(b), which provides:

A state's attorney or the attorney general, within seven days of the imposition of a sentence, may file with the sentencing judge a motion to increase, reduce or otherwise modify the sentence. This motion shall set forth reasons

why the sentence should be altered. After hearing, the court may confirm, increase, reduce or otherwise modify the sentence.

At this point we should be mindful of the basic design of the double jeopardy provision, which has been aptly summarized as follows:

> That guarantee [against double jeopardy] has been said to consist of three separate constitutional protections. It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. *And it protects against multiple punishments for the same offense.*

*North Carolina* v. *Pearce*, 395 U.S. 711, 717 (1969) (emphasis added).

As recently as April 1984, relying upon the United States Supreme Court decision of *United States* v. *DiFrancesco*, 449 U.S. 117 (1980), we held in *State* v. *Boyer*, 144 Vt. 393, 481 A.2d 15 (1984), that the trial court on motion of the State had jurisdiction under § 7042(b) to increase the defendant's initial sentence and that such action by the court did not thereby place the defendant in double jeopardy. In *Boyer* the defendant was convicted on his pleas of nolo contendere of the crimes of careless and negligent operation of a motor vehicle, 23 V.S.A. § 1091(a), and of attempting to elude a police officer, 23 V.S.A. § 1133. The sentence imposed by the court for these two offenses was suspended, except for fifteen days to serve, and defendant was fined $250. Defendant had already begun serving his sentence when the State, pursuant to 13 V.S.A. § 7042(b), filed a motion for sentence review on the ground that the State and the court at the time of sentencing were unaware of a prior conviction of the defendant for driving while under the influence of intoxicating liquor in which a fatality had occurred.

Defendant had served four consecutive weekends of his initial sentence when the court granted the State's motion and increased the sentence. On one count it meted out a term of sixty to ninety days to serve, and on the other count a term of four to six months to serve; but the sentences were ordered to be served concurrently. It also increased the fine to $350.

■ We held in *Boyer* that the ruling in *United States* v. *DiFrancesco, supra,* controlled, and that the double jeopardy clause did not provide the defendant with the right to know at any specific moment in time what the exact limit of his punishment would turn out to be. As the *DiFrancesco* court pointed out, "[defendant's] legitimate expectations are not defeated if his sentence is increased on appeal any more than are the expectations of the defendant who is placed on parole or probation that is later revoked." *Id.* at 137.

■ Substantively we are bound by federal constitutional law as to defendant's claim of double jeopardy. Although 13 V.S.A. § 7042(b) appears to emit an aura of multiple punishment for a single offense, this is a mirage. We conclude therefore that the holding in *DiFrancesco,* as applied in *Boyer,* is controlling here and that defendant suffered no double jeopardy by reason of the increased sentence imposed.

## II.

## CLAIMS OF DUE PROCESS VIOLATIONS UNDER CHAPTER I, ARTICLE 10, VERMONT CONSTITUTION

Defendant's second contention is that the trial judge violated his due process rights under the Vermont Constitution (Chapter I, Article 10) at the sentence review hearing when he permitted two witnesses for the State to testify that the defendant had engaged in long term prior criminal sexual activity with each of them, and also when he admitted into evidence as a State exhibit twenty-two petitions signed by 572 persons indicating that they "[found] it highly offensive that persons convicted of this type of crime which Mr. Rice has committed remain free in our community posing a danger to other young citizens."

## A.

The pertinent provision of the due process clause of the Vermont Constitution provides:

Article 10th. That in all prosecutions for criminal offenses, a person hath a right . . . to be confronted with the witnesses . . . .

Chapter I, Article 10.

Over defendant's objection, two young ladies were permitted to testify for the State that defendant had engaged in a variety of sexual activity with each of them over a number of years while each was still a minor. This testimony, however, was not hearsay, and thus defendant's reliance upon our holding in *State* v. *Williams*, 137 Vt. 360, 364–65, 406 A.2d 375, 377 (1979), is misplaced. In *Williams*, as in the case at bar, the defendant was charged with lewd and lascivious conduct with a minor child in violation of 13 V.S.A. § 2602. He waived jury trial. The court found him guilty and sentenced him. At the sentence hearing "there was placed before the trial court *hearsay* information about criminal activities of a sexually deviant nature on the part of the defendant for which he had never been charged, tried or convicted." *Id.* at 364, 406 A.2d at 377 (emphasis added).

The defendant in *Williams* objected to such information, but the trial judge indicated that he would not view it with an eye to enhancement of any sentence but rather as information relating to the defendant's propensities and to the type of sentence that would best address the defendant's problems. Chief Justice Barney speaking for the Court stated:

> consistency with the basic concerns of criminal justice compel us to prohibit, *even in sentencing proceedings,* the use of mere assertions of criminal activities in any way in aid of determining disposition.

*Id.* (Emphasis added.)

In the case before us each of the two female witnesses who testified for the State claimed to be the victim of defendant's alleged criminal conduct. Thus, their testimony did not constitute impermissible hearsay evidence, and the defendant cross-examined each of them. We find no violation therefore of either the Vermont Constitution or *State* v. *Williams*.

### B.

Notwithstanding, we think defendant was denied a fair sentence review hearing when the trial judge admitted into evidence, over defendant's objection, twenty-two petitions

signed by 572 persons indicating their dissatisfaction with his original sentence of the defendant; he thereby permitted the introduction of highly prejudicial and inflammatory matter into the proceedings. In sentencing, we accord the lower courts wide discretion, *State* v. *Cyr,* 141 Vt. 355, 358, 449 A.2d 926, 927 (1982), but that discretion is not limitless, and we think the court below abused its discretion.

We must maintain an independent judiciary, not subject to partisan clamor or intimidated by public criticism. We insist that a judge be faithful to the law and that a defendant be insured of fair hearings in court.

■ The trial judge appears to have been influenced by these petitions and the close public scrutiny at the sentence review hearing. By admitting the petitions into evidence he unwittingly injected bias, prejudice and public clamor into the case and gave the appearance of a decision rendered under the duress of public criticism rather than the calm deliberation needed at the time.

> The purpose of the sentence reconsideration statute, 13 V.S.A. § 7042, is to permit the trial judge to reconsider the sentencing decision absent the heat of trial pressures and in calm reflection to determine that it is correct, fair, and serves the ends of justice.

*State* v. *Therrien,* 140 Vt. 625, 627, 442 A.2d 1299, 1301 (1982).

It certainly cannot be considered harmless error for the court to have admitted these petitions into evidence. The court clearly indicated in its Opinion and Order that public criticism of his initial sentence, as expressed in these petitions, together with the testimony of the two women, did influence him to strike the initial sentence and impose a more severe sentence. When commenting on the petitions admitted at the sentence review hearing, the court noted the "community outrage at the suspended sentence imposed." In a concluding remark, the court stated:

> At this point in time with the additional evidence before it, the court is convinced that the sentence originally imposed by it was ill advised.
>
> With the information the court now has before it, it is convinced that a proper sentence in this matter would require *incarceration* as a function of punishment, deter-

rence (both general and specific) and rehabilitation. (Emphasis added.)

. Before imposing the new and harsher sentence, the court noted that it was mindful of "what the court *now perceives* as the needs of society for protection" and concluded that society's needs for protection were paramount. (Emphasis added.)

 A judge should be faithful to the law and not be swayed by partisan interests, public clamor or fear of criticism. See 12 V.S.A. App. VIII, A.O. 10, Canon 3 (A) (1). When a trial or a hearing is tainted by any one of these elements, the judge's role in protecting the defendant's right to a fair and impartial proceeding becomes even more sensitive. Because it is self-evident to us, on the record of this case, that one of the trial judge's reasons for enhancing the initial sentence he meted out to the defendant a week earlier was the pressure exerted upon him by the petitions erroneously admitted into evidence, we must remand the case for a new hearing on the State's motion for sentence review and require that the hearing be held before a different judge. The court abused its discretion in ordering an enhanced sentence based in part on public clamor.

## C.

In light of our remand for a new hearing on the State's motion to obtain an enhancement of the initial sentence, we are going to insist that the State be required to demonstrate why by due diligence it could not have discovered the allegedly new evidence in time to have submitted it to the court at the initial sentencing hearing. If, under such circumstances, the State fails in its burden to meet this procedural condition precedent, the court shall strike from the State's petition those requests for sentence review founded upon a claim of newly discovered evidence.

 The sentence review statute, 13 V.S.A. § 7042(b), requires that the State when moving "to increase, reduce or otherwise modify the sentence" set forth "reasons why the sentence should be *altered*." (Emphasis added.) This provision of the statute would be meaningless if the State could move for enhancement of a sentence based upon the identical evidence it offered the trial court at the initial sentence hearing, or based

upon the very same evidence, that with due diligence, could have been discovered by the State at the time of the initial sentencing. We will avoid a statutory construction which leads to absurd or irrational results. *Heisse* v. *State,* 143 Vt. 87, 90, 460 A.2d 444, 446 (1983).

We do not believe the legislature intended to give the prosecutor "a second bite of the apple," simply because he was unsuccessful the first time in persuading the sentencing court to mete out a stiffer penalty. We believe the intent of the statute contemplates that the State in setting forth its reasons for sentence review will point to some error in the sentencing proceeding, or identify newly discovered evidence which by due diligence it could not have previously ascertained.

*Sentence vacated. Cause remanded for rehearing on State's motion for sentence review before a different judge.*