517 A.2d 1105

**Gary Michael MUIR**

v.

**STATE of Maryland.**

**No. 138, Sept. Term, 1985.**

Court of Appeals of Maryland.

Dec. 2, 1986.

Nancy S. Forster, Asst. Public Defender (Alan H. Murrell, Public Defender, on the brief), Baltimore, for appellant.

Richard B. Rosenblatt, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., on the brief), Baltimore, for appellee.

Argued before MURPHY, C.J., and SMITH *, ELDRIDGE, COLE, RODOWSKY, COUCH and McAULIFFE, JJ.

MURPHY, Chief Judge.

Maryland's enhanced punishment statute for repeat offenders, Maryland Code (1982 Repl. Vol., 1985 Cum. Supp.), Article 27, § 643B requires, in subsection (c), the imposition of a mandatory sentence of not less than twenty-five years upon any person who, under specified conditions, is convicted a third time of a "crime of violence." Subsection (a) of the statute defines a "crime of violence" to encompass a number of specified offenses, all of which include force or

---

* Smith, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

threat against persons or property, including robbery, bur-glary, rape, sexual offenses in the first or second degree, or attempts to commit any of these offenses.[1]

We granted certiorari in this case primarily to determine whether convictions of robbery and attempted robbery by a general court-martial tribunal of the United States Army may be considered as predicate crimes of violence under § 643B.[2]

## I.

Gary Michael Muir, while represented by counsel, pleaded guilty before a general court-martial in 1969 of two sepa-rate robberies and one attempted robbery of three different soldiers; each offense involved the use of a knife. Muir was sentenced to three years' imprisonment in a military prison. He was then seventeen years of age and a soldier

---

**1.** Subsection (c) provides, in part:
"Any person who (1) has been convicted on two separate occa-sions of a crime of violence where the convictions do not arise from a single incident, and (2) has served at least one term of confinement in a correctional institution as a result of a convic-tion of a crime of violence, shall be sentenced, on being convicted a third time of a crime of violence, to imprisonment for the term allowed by law, but, in any event, not less than 25 years."
Subsection (a) defines "crime of violence" to mean:
"abduction; arson; burglary; daytime housebreaking under § 30 (b) of this article; kidnapping; manslaughter, except involuntary manslaughter; mayhem and maiming under §§ 384, 385, and 386 of this article; murder; rape; robbery; robbery with a deadly weapon; sexual offense in the first degree; sexual offense in the second degree; use of a handgun in the commission of a felony or other crime of violence; an attempt to commit any of the afore-said offenses; assault with intent to murder; and assault with intent to rape."

**2.** Article 122 of the Uniform Code of Military Justice, 10 U.S.C. § 922 (1956) provides that any person subject to the Code
"who with intent to steal takes anything of value from the person or in the presence of another, against his will, by means of force or violence or fear of immediate or future injury to his person or property or to the person or property of a relative or member of his family or of anyone in his company at the time of the robbery, is guilty of robbery and shall be punished as a court-martial may direct."

in the U.S. Army. Subsequently, Muir was convicted of second degree rape in the Circuit Court for Anne Arundel County for which he served a period of imprisonment.

In the present case, Muir was charged in the Circuit Court for Prince George's County with having committed on March 25, 1984, among other offenses, attempted first and second degree sexual offenses, burglary, and assault with intent to disable. At trial, the evidence showed that Muir broke into the victim's home and attempted to force her to perform fellatio upon him. Members of the victim's family, upon hearing her pleas for help, ultimately subdued Muir following a struggle between the victim's brother and Muir during which the brother was struck in the face with a barbell. Muir was convicted of the offenses and, at sentencing, evidence was adduced of his earlier court-martial and rape convictions for purposes of enhancing the sentence under § 643B. Purporting to act under that statute, the trial judge sentenced Muir to life imprisonment without the possibility of parole on the count charging attempted first degree sexual offense. In addition, Muir was sentenced to concurrent terms of twenty years' imprisonment for assault and battery and for burglary, as well as concurrent terms of ten years for assault with intent to disable and assault to prevent lawful apprehension.

On appeal, Muir contended that the court-martial convictions could not properly be considered in determining whether to apply the mandatory sentencing provisions of § 643B(c). Moreover, he argued that since he was only seventeen years old at the time of the 1969 court-martial convictions, he would have been treated only as a juvenile offender had the offenses been committed in Maryland in violation of the criminal law of this State. He thus urged that in no event could the court-martial convictions be

deemed as qualifying crimes of violence within the contemplation of § 643B.[3]

The intermediate appellate court found no merit in Muir's contentions. It said that when Muir committed the 1969 offenses he was a member of the armed forces and, as such, was subject to adult treatment and punishment and knew or should have known of the consequences of his conduct. While recognizing that had Muir committed the offenses as a civilian in Maryland he would have been charged as a juvenile, the court said that "the fact remains that he did not commit those crimes in this State." *Muir v. State,* 64 Md.App. 648, 660, 498 A.2d 666 (1985). The court concluded that when Muir committed the present crimes he was an adult and knew or should have known that his prior record was relevant for sentencing purposes. Consequently, the court held that the court-martial convictions for robbery and attempted robbery "were properly counted in determining the application *vel non* of § 643B(c)." [4]

## II.

On certiorari review before us, Muir argues that his court-martial convictions for crimes of violence may not be deemed qualifying predicate offenses under § 643B because of substantial procedural and substantive differences between the civil and military justice systems. The latter, he argues, is primarily an instrument of military discipline and not of justice. Muir also renews his contention that in view of his age in 1969, the court-martial convictions should be viewed under Maryland law only as juvenile offenses, not as crimes, and therefore precluded from consideration in determining the applicability of § 643B(c).

---

**3.** In 1969, robbery was an offense which, absent waiver, was within the exclusive jurisdiction of juvenile courts in Maryland.

**4.** The Court of Special Appeals agreed with Muir that the trial court incorrectly construed the statute in imposing a life sentence without parole. It therefore remanded for a new sentencing hearing.

■ The purpose of § 643B "is to protect the public from assaults upon people and injury to property and to deter repeat offenders from perpetrating other criminal acts of violence under the threat of an extended period of confinement"; accordingly, punishment under the statute is imposed solely for the new crime. *Hawkins v. State*, 302 Md. 143, 148, 486 A.2d 179 (1985). By its plain and unambiguous terms, the statute must be afforded broad application to any person convicted a third time of a crime of violence. *Id.* at 147–48, 486 A.2d 179. Thus, equivalent convictions in jurisdictions outside of Maryland of crimes of violence within the ambit of § 643B(a) may be considered as predicate offenses for purposes of sentencing under the statute's provisions. *See Temoney v. State*, 290 Md. 251, 429 A.2d 1018 (1981); *Dibartolomeo v. State*, 61 Md.App. 302, 486 A.2d 256 (1985). Moreover, crimes of violence may also be considered predicate offenses even though, when committed, they were not then, and only later came within the statute's definition of a "crime of violence." *Hawkins, supra*.

## III.

We think general court-martial convictions for offenses coming within the ambit of § 643B(a) were within the contemplation of the legislature when it enacted the statute. To be sure, there are jurisdictional and other differences between the systems of military and civilian justice. The Supreme Court in *Toth v. Quarles*, 350 U.S. 11, 76 S.Ct. 1, 100 L.Ed. 8 (1955), in determining that former servicemen were not subject to court-martial, noted that "military tribunals have not been and probably never can be constituted in such way that they can have the same kind of qualifications that the Constitution has deemed essential to fair trials of civilians in federal courts." 350 U.S. at 17, 76 S.Ct. at 5. The Court there referred to the fact that military judges, unlike federal judges, do not have life tenure but may be removed at will, that their salaries are not protected by the Constitution, and that consequently federal judges "have

more independence in passing on the life and liberty of people than do military tribunals." *Id.* at 17, 76 S.Ct. at 5. However, in *Burns v. Wilson*, 346 U.S. 137, 73 S.Ct. 1045, 97 L.Ed. 1508 (1953), the Supreme Court, in limiting the scope of habeas corpus review of court-martial convictions by federal courts, noted that "military courts, like the state courts, have the same responsibilities as do the federal courts to protect a person from a violation of his constitutional rights." 346 U.S. at 142, 73 S.Ct. at 1048. In so concluding, the Court observed that Congress "has taken great care both to define the rights of those subject to military law, and to provide a complete system of review within the military system to secure those rights." *Id.* at 140, 73 S.Ct. at 1048. Referring to the then recently completed revision of the Articles of War, and the establishment of a Uniform Code of Military Justice applicable to all members of the military establishment, the Court said that "[t]hese enactments were prompted by a desire to meet objections and criticisms lodged against court-martial procedures in the aftermath of World War II." *Id.* This was not, the Court said, "a patchwork effort to plug loopholes in the old system of military justice ... [but] the result of painstaking study ... reflect[ing] an effort to reform and modernize the system—from top to bottom." *Id.* at 141, 73 S.Ct. at 1048. Characterizing the military justice system, the Court concluded:

"Rigorous provisions guarantee a trial as free as possible from command influence, the right to prompt arraignment, the right to counsel of the accused's own choosing, and the right to secure witnesses and prepare an adequate defense. The revised Articles, and their successor—the new Code—also establish a hierarchy within the military establishment to review the convictions of courts-martial, to ferret out irregularities in the trial, and to enforce the procedural safeguards which Congress determined to guarantee to those in the Nation's armed services. And finally Congress has provided a special post-conviction remedy within the military establishment, apart from ordinary appellate review, whereby one convicted by

a court-martial may attack collaterally the judgment under which he stands convicted." *Id.* (footnotes omitted).

In *Middendorf v. Henry,* 425 U.S. 25, 96 S.Ct. 1281, 47 L.Ed.2d 556 (1976), the Supreme Court noted that general court-martials "resemble judicial proceedings" and are "presided over by lawyer judges with lawyer counsel for both the prosecution and the defense." 425 U.S. at 31, 96 S.Ct. at 1286. Also to be noted is that at general courts-martial the accused is presumed innocent until the prosecution establishes guilt beyond a reasonable doubt. 10 U.S.C. § 851.

Other jurisdictions which have considered the matter have concluded that general court-martial convictions may be included as predicate offenses for the purpose of imposing enhanced sentences under habitual offender statutes. *See, e.g., Esters v. State,* 480 So.2d 615 (Ala.Crim.App.1985); *People v. Calderon,* 205 Cal.App.2d 566, 23 Cal.Rptr. 62 (1962); *Scott v. United States,* 392 A.2d 4 (D.C.1978); *State v. Bullock,* 329 So.2d 733 (La.1976); *People v. Benjamin,* 22 N.Y.2d 723, 292 N.Y.S.2d 110, 239 N.E.2d 206 (1968); *see also United States v. Price,* 258 F.2d 918 (3d Cir.), *cert. denied,* 358 U.S. 922, 79 S.Ct. 295, 3 L.Ed.2d 241 (1958); *Johnson v. State,* 432 S.W.2d 98 (Tex.Crim.App.1968); *but see State v. Paxton,* 201 Kan. 353, 440 P.2d 650, *cert. denied,* 393 U.S. 849, 89 S.Ct. 137, 21 L.Ed.2d 120 (1968); *State v. Mitchell,* 659 S.W.2d 4 (Mo.Ct.App.1983).

In a like vein, the Supreme Court of Illinois in *People v. Helm,* 40 Ill.2d 39, 237 N.E.2d 433 (1968) found general court-martial convictions to be sufficiently reliable to be admitted in evidence for purposes of impeachment. The court there rejected defendant's argument that his earlier court martial conviction for an infamous crime "was so lacking in the normal constitutional safeguards which attend civilian criminal proceedings" as to be inadmissible for impeachment purposes at a murder trial. The court said:

"We find it significant that at the time of Helm's court-martial conviction for robbery the Uniform Code of Military Justice (10 U.S.C. pars. 801–940), governed the

disposition of his case. This code was enacted in 1950 as a response to alleged military injustices occurring under the court-martial system during World War II, and it affords military personnel most of the constitutional rights guaranteed civilians.... Specifically, the UCMJ grants the enlisted man accused of a serious crime the right to be provided with defense counsel who is a member of the bar, and the right to demand that at least one third of the members of the military court be enlisted men (10 U.S.C. par. 825(c) (1)); it expressly prohibits compulsory self-incrimination (par. 831), entitles the accused to a copy of the charges (par. 835), and affords him the right to compel the attendance of witnesses and the production of evidence on his behalf (pars. 846–48); the code defines arrest and pretrial procedures (pars. 807–14, 830–35), as well as the elements of offenses cognizable by courts-martial (pars. 877–934), and it provides an extensive system for appellate review. Pars. 859–76." 237 N.E.2d at 435.

A number of other cases have similarly approved the use, for impeachment purposes, of general court-martial convictions of crimes involving moral turpitude. *See, e.g., Nelson v. State,* 35 Ala.App. 179, 44 So.2d 802 (1950); *Jordan v. State,* 141 Ark. 504, 217 S.W. 788 (1920); *State v. Bradford,* 298 So.2d 781 (La.1974), *appeal dismissed,* 420 U.S. 915, 95 S.Ct. 1109, 43 L.Ed.2d 387 (1975); *State v. Himmelmann,* 399 S.W.2d 58 (Mo.1966); *Erving v. State,* 174 Neb. 90, 116 N.W.2d 7 (1962), *cert. denied,* 375 U.S. 876, 84 S.Ct. 151, 11 L.Ed.2d 121 (1963).

■ We thus conclude that no error was committed in this case, in applying the provisions of § 643B(c) by including Muir's general court-martial convictions of robbery and attempted robbery as predicate prior crimes of violence.

■ We also agree with the Court of Special Appeals that the mere fact that Muir would have been deemed a juvenile had he committed the offenses in question as a civilian in Maryland does not preclude these offenses from being considered as predicate felonies under § 643B(a). *See, e.g.,*

*McManners v. State,* 650 P.2d 414 (Alaska Ct.App.1982); *People v. Hamilton,* 104 A.D.2d 1048, 481 N.Y.S.2d 116 (1984); *Collums v. State,* 654 P.2d 1070 (Okla.Crim.App. 1982).[5] Not to count such convictions as predicate crimes of violence would, we think, thwart the legislative purpose of protecting the public and deterring the commission of violent offenses.

As earlier observed, ample evidence was offered to prove that Muir was convicted in 1969 by a general court-martial of offenses which, if committed in Maryland, would be classified as "crimes of violence" under § 643B(a).[6] Accordingly, these convictions may be counted as predicate felonies for the purpose of enhancing Muir's punishment for his later criminal acts.

### IV.

■ Muir also contends that the Court of Special Appeals erred in refusing to review his contention that the evidence was insufficient to convict him of assault with intent to disable. In its opinion, that court held that because Muir failed to particularize the reasons for his motion for judgment of acquittal, as required by Md. Rule 4–324(a), the issue had not been preserved for appeal. In so concluding, the court relied upon its holding in *Lyles v. State,* 63 Md.App. 376, 492 A.2d 959 (1985).

The record discloses that at the conclusion of the State's case Muir moved for judgment of acquittal as to "each and every count." The motion was denied and renewed at the end of the entire case "generally as to all counts" and specifically as to one count alleging burglary. Md. Rule 4–324 requires a defendant, when moving for judgment of acquittal, to state "with particularity all reasons why the

---

**5.** Two states prohibit the use of convictions of juveniles unless it is shown that the juvenile would have been treated as an adult in the forum state. *See Fletcher v. State,* 409 A.2d 1254 (Del.Supr.1979); *State v. Marquetti,* 322 N.W.2d 316 (Minn.1982).

**6.** Our holding in this case is limited to general court-martial convictions.

motion should be granted." In *State v. Lyles, et al.*, 308 Md. 129, 517 A.2d 761 (1986), we affirmed the judgment of the Court of Special Appeals, concluding that failure to particularize the reasons for granting a motion for judgment of acquittal in accordance with the rule's requirements necessarily would result in a failure to preserve the issue for appellate review. That holding is dispositive of Muir's contention in this case.

JUDGMENT AFFIRMED, WITH COSTS. CASE REMANDED TO THE COURT OF SPECIAL APPEALS WITH DIRECTIONS TO REMAND TO THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY FOR FURTHER SENTENCING PROCEEDINGS CONSISTENT WITH THE INTERMEDIATE APPELLATE COURT'S JUDGMENT IN MUIR v. STATE, 64 Md.App. 648, 498 A.2d 666 (1985).

ELDRIDGE and COLE, Judges, concurring in part and dissenting in part:

We concur in the judgment of this case except as to Part IV which involves Muir's challenge to the sufficiency of the evidence to support his conviction for assault with intent to disable. As to this part, we dissent for the reasons set forth in the concurring opinion in *State v. Lyles*, 308 Md. 129, 517 A.2d 761 (1986).