## State of Vermont v. Robert Helton

[559 A.2d 697]

No. 86-553

Present: **Allen, C.J., Hill, Peck and Gibson, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed March 31, 1989

*Howard E. VanBenthuysen, Franklin County State's Attorney*, St. Albans, for Plaintiff-Appellee.

322

*Daniel Albert, Public Defender*, St. Albans, for Defendant-Appellant.

**Hill, J.** Defendant pleaded guilty to a charge of attempted kidnapping, and the district court sentenced him to serve five to ten years in prison, all but one year suspended. Defendant appeals the sentence imposed, and we affirm.

On April 23, 1985, after an incident involving a female jogger, police officers detained defendant and a friend for questioning. Defendant was charged with attempted kidnapping and simple assault, and he provided a series of three increasingly incriminating statements to various police officers. The third of these statements, which alluded to a sexual motive for the incident, was later suppressed as having been involuntarily given.

Defendant later reached a plea agreement with the prosecution, under which the simple assault charge was dropped and different sentences were proposed by defendant and the State. After a judgment of guilty had been entered, a sentencing hearing was held, and the district court imposed the sentence urged by the State.

■ On appeal, defendant contends that resentencing is required for three reasons. First, he maintains that the sentencing court erred by relying upon a previous court martial rape conviction in determining the length of his sentence. Second, defendant argues that the court improperly relied upon the statement that had been suppressed as involuntary. Finally, defendant contends that certain comments made by the judge at the sentencing hearing reveal that the court was swayed by fear of criticism or public clamor.

The information regarding defendant's court martial conviction was presented to the sentencing judge as part of the standard presentence investigation report. V.R.Cr.P. 32(c)(2) provides the broad outlines for determining the contents of such a report:

> The report of the presentence investigation shall contain *any prior criminal record* of the defendant and such information on his characteristics, his financial condition, and the circumstances affecting his behavior as may be helpful in imposing sentence . . . and such other information as may be required by the court.

(emphasis added.) In *State* v. *Ramsay,* 146 Vt. 70, 499 A.2d 15 (1985), this Court noted that the purpose of the presentence investigation is " 'to give to the sentencing judge the fullest possible information concerning the defendant's life and characteristics so that he may be able to impose an appropriate sentence.' " *Id.* at 78. 499 A.2d at 20 (quoting *United States* v. *Burton,* 631 F.2d 280, 282 (4th Cir. 1980)).

Defendant argues that the sentencing court erred, nonetheless, in relying upon his court martial conviction because court martial procedures provide for six-person juries and nonunanimous verdicts. He maintains that criminal sentences may not be enhanced on grounds of unconstitutionally obtained prior convictions. We observe that sentence enhancement is not at issue here; the sentence imposed was within the statutory maximum for attempted kidnapping, and it was consistent with the plea agreement entered into by defendant and the State. Moreover, defendant has failed to show that his court martial conviction was unconstitutionally obtained. Finally, we note that, with the appropriate procedural protections, a sentencing court may properly rely upon prior alleged offenses for which a defendant has not even been convicted. *State* v. *Drake,* 150 Vt. 235, 235, 552 A.2d 780, 780 (1988); see also *United States* v. *Legrano,* 659 F.2d 17, 18 (4th Cir. 1981) (presentence report may include information about crimes for which a defendant was indicted but not convicted).

Defendant next argues that, in reaching its sentence, the court erred by relying upon a statement that was suppressed as involuntary. As evidence of such reliance, defendant cites references made by the court to a sexual motivation for the crime. But the transcript indicates that the judge was not relying on the supressed statement for this information; instead, he was referring to the affidavit of probable cause. In this affidavit, a sexual purpose for the crime is clearly attributed to the defendant by his friend, whose statements were neither suppressed nor excluded from the case. Defendant never raised objections to the affidavit in any form. Further, the plea agreement itself included a condition that defendant undergo sexual offender evaluation and counseling. On these facts, no error appears.

Finally, defendant focuses upon certain statements made by the sentencing judge and urges that they indicate that an impermissible concern for public opinion influenced the sentencing de-

cision. In imposing the sentence recommended by the State instead of the shorter, "interrupted day" sentence suggested by defendant, the court stated:

> I think that punishment has to be, especially in these kinds of cases, . . . clear not only to the Defendant, but to the population of the community as a whole. The community rarely understands a fully suspended sentence or a short sentence. I can recall in Brattleboro one time, in a case that was labled a sexual assault—it was in fact what would have normally been charged as lewd and lascivious behavior—giving a split sentence with a rather lengthy underlying, I think something like 12 years underlying, but a split sentence of 30 days to serve, and having been drawn and quartered by the press and the public as a result—not that I would have given a different sentence later had I known what the reaction was going to be, but only to indicate that often the editorial writers and the public, and in most cases they're not at the sentencing and they're not aware of what was presented to the Court at the sentencing, they only see the charge and the penalty. And the result is that the Court is referred to as being soft on criminals. I feel that I'm soft where it's necessary and I'm hard where it's necessary. And in this particular case, I'm going to go along with the State's recommendation, which I feel walks a fine line . . . in exactly the right place.

We believe that, rather than indicating excessive apprehension of adverse public opinion, these comments suggest a philosophical concern that defendant and the public understand sentencing considerations. The court went on to express doubt that defendant understood the impact on the victim of the attemped kidnapping and opined that a year's imprisonment would serve this goal better than defendant's proposal of four months on work release status.

Defendant cites *State* v. *Rice,* 145 Vt. 25, 483 A.2d 248 (1984), in support of his claim that resentencing is required. *Rice* is distinguishable on several grounds, however. There, the sentencing judge first sentenced the defendant, a sexual offender, to four to five years in prison, with the sentence completely suspended in favor of probation. A week later, after receiving a number of petitions signed by several hundred outraged citizens, the court

granted the State's motion to increase the original sentence and imposed a sentence of two to five years to be served. The court also admitted the petitions into evidence, thereby permitting "the introduction of highly prejudicial and inflammatory matter into the proceedings." *Id.* at 32, 483 A.2d at 252. This Court reversed, holding that the sentencing court abused its wide discretion by admitting the petitions into evidence and by ordering an increased sentence based in part on public clamor. *Id.* at 33, 483 A.2d at 252-53.

Here, in contrast, no public clamor existed, and no resulting sentence manipulation is at issue. In fact, the sentencing judge expressly disavowed any willingness to consider public opinion in determining the appropriate sentence. Defendant did not object to the court's comments during the proceedings, and the sentence imposed was clearly within the terms of his plea bargain. No error appears.

*Affirmed.*