STATE OF NEBRASKA, APPELLEE, V. JOHNNY MIKE HERNANDEZ,
ALSO KNOWN AS JUAN HERNANDEZ, APPELLANT.

613 N.W.2d 455

Filed July 7, 2000.    No. S-99-1102.

Harry A. Moore, Madison County Public Defender, for appellant.

Don Stenberg, Attorney General, and Donald J.B. Miller for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.

## INTRODUCTION

Johnny Mike Hernandez, also known as Juan Hernandez, was convicted pursuant to a jury verdict of sexual assault in the first degree, in violation of Neb. Rev. Stat. § 28-319(1) (Reissue 1995). In its sentencing of Hernandez, the district court for Madison County found that the current conviction for first degree sexual assault was a second offense and enhanced his sentence pursuant to § 28-319(3). Hernandez appeals the enhancement of his sentence. The question presented is whether the military offense of sodomy for which Hernandez was previously convicted and sentenced includes essentially the same ele-

ments as first degree sexual assault (§ 28-319) for purposes of sentence enhancement under § 28-319(3). We conclude that the elements of the military offense of sodomy with a child under the age of 16 includes essentially the same elements of the offense for which Hernandez stands convicted in the instant case and, therefore, affirm the judgment of the district court.

## FACTUAL AND PROCEDURAL BACKGROUND

D.W. was 7 years old in July 1998 when he told his mother that a family friend, "Uncle Johnny," had put his mouth on D.W.'s penis, had grabbed D.W.'s penis, and had also rubbed his own penis on D.W.'s bottom. D.W.'s mother reported the matter to the Norfolk police for investigation.

On November 9, 1998, an information was filed charging Hernandez with first degree sexual assault on D.W. He pled not guilty. The State amended the information on May 5, 1999, alleging that Hernandez had once before been found guilty pursuant to § 28-319 or any other state or federal law with essentially the same elements as first degree sexual assault, as specified in § 28-319. Hernandez similarly pled not guilty to the amended information. A trial ensued, and the jury returned a guilty verdict on May 14. The district court accepted the verdict and adjudged Hernandez guilty of first degree sexual assault on the same day.

At Hernandez' sentencing hearing, the court received exhibits 9 and 11, which contain certified copies of the charge sheets, the general court-martial order, and the decision of the Army Court of Military Review, all relating to the 1987 court-martial convictions of Hernandez. The evidence reveals that Hernandez was charged with and found guilty of two counts of sodomy with a child under the age of 16, in violation of article 125 of the Uniform Code of Military Justice (UCMJ), and one count of committing an indecent act with the body of a child under the age of 16, with intent to gratify Hernandez' sexual desires, in violation of article 134 of the UCMJ. These acts occurred on May 27, 1987, while Hernandez was in the Army, stationed in Meunchweiler, Germany.

The district court took judicial notice of Title 10 of the United States Code, § 925, which defines the offense of sodomy under

article 125 of the UCMJ. The State offered and the court received photocopies of this same section as embodied in the United States Code Annotated.

The district court also received into evidence at the sentencing hearing a transcript of portions of the testimony adduced at trial in the instant case. The partial trial transcript included the testimony of M.B., who recounted in detail his sexual assault by Hernandez while M.B. was a child living on a military base in Germany. M.B. testified that Hernandez anally sodomized him. M.B. also read his statement given to the military police after the assault. Hernandez' counselor while he was incarcerated in the U.S. Disciplinary Barracks testified that Hernandez admitted responsibility for the 1987 sexual assault on M.B.

The district court found that the current conviction for first degree sexual assault was a second offense because Hernandez had a previous general court-martial conviction involving substantially the same crime with substantially the same elements. In accordance with § 28-319(3), Hernandez was sentenced to 25 to 50 years' imprisonment, with credit for time served. He was also deemed ineligible for parole pursuant to § 28-319(3). Hernandez timely appealed, and we moved this appeal to our docket pursuant to our authority to regulate the caseloads of the Nebraska appellate courts.

## ASSIGNMENT OF ERROR

Hernandez alleges, restated, that the district court erred in ruling that his prior conviction under the UCMJ could be used to enhance the penalty for his conviction of first degree sexual assault.

## STANDARD OF REVIEW

■ Interpretation of a statute presents a question of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *State v. Bottolfson, ante* p. 470, 610 N.W.2d 378 (2000).

## ANALYSIS

Hernandez did not dispute at sentencing, nor does he dispute on appeal, that he was convicted of a violation of article 125 of

the UCMJ in 1987. Hernandez, however, argues that article 125 does not contain essentially the same elements as § 28-319 because the military offense of sodomy proscribes some conduct or additional behavior that would not be criminally proscribed under § 28-319. As explained more fully below, Hernandez misperceives the critical inquiry that courts are required to make under the sentencing enhancement provisions of § 28-319(3).

■ Section 28-319 provides, in pertinent part:

(1) Any person who subjects another person to sexual penetration (a) without consent of the victim, or (b) who knew or should have known that the victim was mentally or physically incapable of resisting or appraising the nature of his or her conduct, or (c) when the actor is nineteen years of age or older and the victim is less than sixteen years of age is guilty of sexual assault in the first degree.

. . . .

[Note: Neb. Rev. Stat. § 28-318(6) (Reissue 1995) defines sexual penetration as "sexual intercourse in its ordinary meaning, cunnilingus, fellatio, anal intercourse, or any intrusion, however slight, of any part of the actor's or victim's body or any object manipulated by the actor into the genital or anal openings of the victim's body which can be reasonably construed as being for nonmedical or nonhealth purposes. Sexual penetration shall not require emission of semen."]

(3) Any person who *is* found guilty of sexual assault in the first degree for a second time *when the first conviction was pursuant to this section or any other state or federal law with essentially the same elements as this section* shall be sentenced to not less than twenty-five years and shall not be eligible for parole.

(Emphasis supplied.) In 1993, the Legislature added the italicized language to § 28-319(3) for the express purpose of clarifying that a prior conviction from another jurisdiction could be utilized to enhance the penalty for a subsequent sexual assault offense so long as the prior conviction was pursuant to a state or federal law with essentially the same elements as § 28-319. See Judiciary Committee Statement, L.B. 430, 93d Leg., 1st Sess. 1591-92 (Feb. 3, 1993).

■ Thus, the critical inquiry is not whether a sexual assault statute from a sister state or federal jurisdiction incorporates exactly the same elements as § 28-319. Rather, the relevant inquiry is whether the offense for which a defendant was previously convicted and sentenced includes *essentially the same elements* as an offense punishable under § 28-319.

Therefore, we must examine the language of article 125 of the UCMJ to ascertain whether it contains essentially the same elements as § 28-319, such that Hernandez' court-martial conviction under article 125 could be used to enhance his sentence pursuant to § 28-319(3). We note that the United States Code contains the UCMJ, and thus, Hernandez' conviction was a conviction under federal law. Article 125 provides:

> (a) Any person subject to this chapter who engages in unnatural carnal copulation with another person of the same or opposite sex or with an animal is guilty of sodomy. Penetration, however slight, is sufficient to complete the offense.
>
> (b) Any person found guilty of sodomy shall be punished as a court-martial may direct.

10 U.S.C. § 925 (1994). The offense of sodomy is further clarified in the Manual for Courts-Martial, United States (MCM), which has the force and effect of law. See *Noyd v. Bond*, 395 U.S. 683, 692, 89 S. Ct. 1876, 23 L. Ed. 2d 631 (1969) (noting that MCM has force and effect of law unless it is " 'contrary to or inconsistent with' " the Uniform Code Congress has enacted). See, also, 53A Am. Jur. 2d *Military and Civil Defense* § 297 (1996 & Cum. Supp. 2000). The MCM repeats the text of article 125, then lists the following as elements of the offense of sodomy:

> (a) That the accused engaged in unnatural carnal copulation with a certain other person or with an animal.
>
> [Note: add either or both of the following *elements*, if applicable]
>
> (b) That the act was done with a child under the age of 16
>
> (c) That the act was done by force and without the consent of the other person.

(Emphasis supplied.) Manual for Courts-Martial, United States, ¶ 51, art. 125 (1984). Exhibits 9 and 11 reveal that subsection

(b) applied to Hernandez' 1987 court-martial conviction, as he was charged and convicted of sodomy with a child under the age of 16.

A comparison of § 28-319 and article 125, as applied in Hernandez' court-martial conviction, reveals that both contain essentially the same elements. Both require penetration, and § 28-319, pursuant to § 28-318(6), defines penetration such that an act of sodomy is included within its purview. Section 28-319 prohibits sexual penetration when the victim does not consent or could not consent because of mental or physical incapabilities or age. Similarly, article 125, as clarified in the MCM, prohibits sexual penetration when the victim does not consent or could not consent because of age. As noted previously, this consent element was applied in Hernandez' court-martial conviction, as he was charged and convicted of sodomy with a child under the age of 16.

Therefore, the particular sodomy offense for which Hernandez was previously convicted and sentenced under article 125, as further clarified in the MCM, includes essentially the same elements of the offense for which Hernandez stands convicted under § 28-319. This is precisely the type of circumstance that the Legislature considered when it amended § 28-319(3) to clarify that a prior conviction from another jurisdiction could be utilized to enhance the penalty for a subsequent sexual assault offense so long as the conviction was pursuant to a state or federal law with essentially the same elements as § 28-319. We conclude that the district court appropriately used Hernandez' court-martial conviction under article 125 to enhance his penalty for first degree sexual assault, pursuant to § 28-319(3).

## CONCLUSION

For the foregoing reasons, we conclude that the district court properly utilized Hernandez' prior sodomy conviction to enhance his penalty for first degree sexual assault. Therefore, we affirm the judgment of the district court.

AFFIRMED.