STATE of Missouri, Respondent,

v.

**Joseph GRUBB, Appellant.**

**No. SC 85195.**

Supreme Court of Missouri, En Banc.

Oct. 28, 2003.

Rehearing Denied Dec. 23, 2003.

**738**

Raymond Legg, Hannibal, Craig A. Johnston, Office of State Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Nicole E. Gorovsky, Asst. Atty. Gen., Jefferson City, for Respondent.

WILLIAM RAY PRICE, JR., Judge.

**I.**

Joseph Grubb was convicted of two counts of assault in the second degree in violation of section 565.060, RSMo 2000.[1] He was sentenced as a prior offender pursuant to Missouri's recidivism statute, section 558.016, because he had previously pleaded guilty to assault in a military court-martial. Grubb appealed. After an opinion by the Court of Appeals, Western District, this Court granted transfer. Mo. Const. art. V, sec. 10. The judgment is affirmed.

**II.**

In October 2001, a jury found Grubb guilty of two counts of assault. At trial, evidence was presented that Grubb assaulted his wife on two separate occasions. On the first, Grubb broke her ankle by repeatedly striking her with two wooden toilet plungers and a metal broom handle. Grubb hit her with one plunger until it broke, then hit her with the other until it broke, and then resorted to the metal broom handle. A few weeks later, before she had fully recovered from her broken ankle, Grubb assaulted his wife again. This time Grubb pulled her out of a chair by her hair and struck her in the face with his hand. Grubb's blow fractured her facial bones, ruptured blood vessels in her eye, and gave her a black eye. Immediately after the assault, his wife could not stand and suffered a temporary loss of vision.

The trial court sentenced Grubb as a prior offender under Missouri's recidivism statute, section 558.016, based on a past military court-martial conviction for "assault with a means likely to produce grievous bodily harm." That conviction was the result of a guilty plea Grubb entered in military court while represented by coun-

1. All statutory references are to RSMo 2000 unless otherwise indicated.

sel. As part of his plea, Grubb admitted he repeatedly struck his eight-week-old daughter, fracturing her ribs and shin. The evidence accompanying his plea showed that Grubb's assault also caused extensive damage to her skull leaving "no hope for any neurological recovery." A military judge accepted Grubb's guilty plea, finding it was voluntary and intelligent, and sentenced him to confinement for eighteen months. A court of military review affirmed the conviction and sentence.

Grubb appealed his state court conviction, and the Western District affirmed the sentence. Grubb argues the Western District's holding conflicts with the Eastern District's holding in *State v. Mitchell,* which precludes using convictions from military courts to enhance a sentence under the recidivism statute. 659 S.W.2d 4, 6 (Mo.App.1983). This court granted transfer to address the conflict.

Grubb concedes that the applicable standard of review is plain error because he failed to preserve his argument for appeal. "[P]lain errors affecting substantial rights may be considered ... when the court finds that manifest injustice or a miscarriage of justice has resulted." Rule 30.20.

### III.

#### A.

Section 558.016.1 authorizes the trial court to enhance the sentence of a person who has pleaded guilty to or has been found guilty of an offense under certain circumstances. It states:

> The court may sentence a person who has pleaded guilty to or has been found guilty of an offense to a term of imprisonment authorized by section 558.011 or to a term of imprisonment authorized by a statute governing the offense, if it

finds the defendant is a *prior offender* or a persistent misdemeanor offender, or to an extended term of imprisonment if it finds the defendant is a persistent offender or dangerous offender.

*Id.* (emphasis added). Section 558.016.2 defines a "prior offender" as "one who has pleaded guilty to or has been found guilty of one felony." In Missouri, a crime is a felony "if it is so designated or if persons convicted thereof may be sentenced to death or imprisonment for a term which is in excess of one year." Section 556.016.2.

■ We look to the plain language of the statute to determine whether the legislature intended to include convictions by court-martial. "The primary rule of statutory construction is to ascertain the intent of the legislature from the language used, to give effect to the intent if possible, and to consider the words in their plain and ordinary meaning." *Landman v. Ice Cream Specialties, Inc.,* 107 S.W.3d 240, 251 (Mo. banc 2003).

Under the plain language of section 556.016.2, convictions may be considered felonies if they are either labeled as felonies or if persons convicted of them may be sentenced to death or imprisonment for a term in excess of one year. Military offenses are not classified as felonies or misdemeanors. *See* Uniform Code of Military Justice, 10 U.S.C. section 801 *et seq.* Consequently, whether military court-martial convictions qualify as felonies depends on the sentence that may be imposed.

■ Grubb argues that even if this reasoning would otherwise be valid, court-martial convictions should not be allowed to enhance a sentence under section 558.016 because a military court may sentence an offender to confinement for a year or longer for conduct that would not be considered criminal in this state.[2] Such

---

**2.** In support of his argument is section 556.016.2, which defines the term "felony" as

a "crime" and section 556.016.1 that refers to "crime" as "an offense defined by this code

a circumstance, however, is not before us. Here, it is clear that the acts for which Grubb was convicted by court-martial would have constituted at least an assault in the first degree under section 565.050. (See footnote.) Because Grubb was sentenced to confinement for eighteen months, his court-martial conviction qualifies as a felony conviction under the plain language of section 556.016.2. It was properly considered in sentencing him as a prior offender under section 558.016.

### B.

Grubb also contends that the reasoning in *State v. Mitchell* should control. 659 S.W.2d 4 (Mo.App.1983). *Mitchell* held that military court-martial convictions should not be used for sentence enhancement. *Id.* at 6. The Court of Appeals, Eastern District, found the military "system of discipline sufficiently foreign from our own system of criminal justice and from that of our sister states and federal government so as to prohibit its use as a threshold predicate of enhanced punishment under section 558.016." *Id.* The court stated its finding was "insofar as the right to trial by jury is not afforded by court-martial." *Id.*

Grubb's reliance on *Mitchell* is misplaced. Because his court-martial conviction was the result of a guilty plea he entered while he was represented by counsel, none of the potential due process issues raised in *Mitchell* are present. In fact, by pleading guilty to the offense, Grubb waived his right to contest the process by which he might have been tried.

In a similar argument, Grubb argues the use of court-martial convictions for sentence enhancement in Missouri would be unconstitutional because military courts-martial do not require conviction by a twelve-member jury, as required by article I, section 22(a) of the Missouri Constitution. Again, because Grubb waived his right to trial by pleading guilty, this argument is not relevant.

Grubb's final *Mitchell* related argument is that application of court-martial convictions under the recidivism statute would be contrary to legislative intent. Grubb argues that the legislature's failure to amend the recidivism statute to address court-martial convictions in light of *Mitchell* indicates it intended to adopt that court's construction of the statute.[3]

The rule of statutory construction to which Grubb refers states "where a court of last resort construes a statute, and that statute is afterwards re-enacted, or continued in force, without any change in its terms, it is presumed that the legislature adopted the construction given to it by the court." *Jacoby v. Mo. Valley Drainage Dist. of Holt County,* 349 Mo. 818, 163 S.W.2d 930, 939 (banc 1942). Grubb's argument on this theory is unpersuasive for several reasons.

First, the rule is not one of great strength because the legislature may have many motivations for failing to amend a statute. When determining intent, legislative action is far more indicative of intent than mere inaction. *L & R Dist., Inc. v. Mo. Dep't of Revenue,* 529 S.W.2d 375

---

or by any other statute *of this state ...."* (emphasis added). But, two decisions have held that "... nothing in section 558.016, RSMo 1986 requires that conduct, if a felony in another state, must also be a felony in Missouri." *State v. Taylor,* 781 S.W.2d 229, 232 (Mo.App.1989); *State v. Rellihan,* 662 S.W.2d 535 (Mo.App.1983). And, in *State v. Young,* this Court noted only that, "... it is

not necessary that the offense in the foreign state be identical in all its elements with one punishable as a felony in this state." 345 Mo. 407, 133 S.W.2d 404, 408 (1939).

3. *Mitchell* was decided in 1983, and the legislature amended 558.016 in 1990, but it made no changes to section 558.016.2.

(Mo.1975). For example, the legislature may not have amended section 556.016.2 to include court-martial convictions because the plain language already includes convictions such as Grubb's, where persons are sentenced to imprisonment for a term in excess of one year.

■ Second, while it is true that the court of appeals is a court of last resort, "the Supreme Court is a still superior court in nowise bound by the decisions of the [c]ourt of [a]ppeals." *Roy F. Stamm Elec. Co. v. Hamilton–Brown Shoe Co.,* 350 Mo. 1178, 171 S.W.2d 580, 584 (banc 1943). If the legislature is to adopt any judicial interpretation of a statute, it should be this Court's interpretation, not the court of appeals' interpretation. *Id.* Consequently, the legislature's inaction in this instance should not be read as legislative approval or ratification of the court's reasoning in *Mitchell.*

### C.

Our decision today is in accord with the majority of states that have addressed this issue. *See United States ex rel. Thompson v. Price,* 258 F.2d 918 (3rd Cir.1958); *People v. Calderon,* 205 Cal.App.2d 566, 23 Cal.Rptr. 62 (1962); *Scott v. U.S.,* 392 A.2d 4 (D.C.1978); *Frazier v. State,* 515 So.2d 1061 (Fla.Dist.Ct.App.1987) (finding military offenses may be used for sentence enhancement where the offense is included in an analogous or parallel Florida statute); *State v. Bullock,* 329 So.2d 733 (La. 1976); *Muir v. State,* 308 Md. 208, 517 A.2d 1105 (1986); *State v. Hernandez,* 259 Neb. 948, 613 N.W.2d 455 (2000); *People v. Benjamin,* 7 A.D.2d 410, 184 N.Y.S.2d 1 (1959); *Millwood v. State,* 1986 OK CR 106, 721 P.2d 1322 (1986); *State v. Graves,* 150 Or.App. 437, 947 P.2d 209 (1997); *Com. v. Smith,* 528 Pa. 380, 598 A.2d 268 (1991); *Turner v. Com.,* 38 Va.App. 851, 568 S.E.2d 468 (2002); *State v. Helton,* 151 Vt. 321, 559 A.2d 697 (1989); *State v. Morley,* 134 Wash.2d 588, 952 P.2d 167

(1998); *contra United States v. Stuckey,* 220 F.3d 976 (8th Cir.2000); *State v. Wimberly,* 246 Kan. 200, 787 P.2d 729 (1990); *State v. Wheeler,* 123 W.Va. 279, 14 S.E.2d 677 (1941); *State v. Anaya,* 123 N.M. 14, 933 P.2d 223 (1996) (citing N.M. Stat. Ann. Section 31–18–17(2) (1993)).

### IV.

The judgment is affirmed.

BENTON, STITH and LIMBAUGH, JJ., concur.

TEITELMAN, J., dissents in separate opinion filed; WHITE, C.J. and WOLFF, J., concur in opinion of TEITELMAN, J.

RICHARD B. TEITELMAN, Judge, dissenting.

I respectfully dissent. The right of an accused to have a trial by jury is a fundamental procedural safeguard protected by Missouri's Constitution. When the legislature amended section 558.014 after *State v. Mitchell,* 659 S.W.2d 4 (Mo.App.1983), it did not choose to amend the statute to allow court-martial convictions to qualify as prior convictions. Moreover, under the rule of lenity, any ambiguity should be resolved in the defendant's favor.

The purpose of the Military Justice System is to maintain discipline and duty and promote efficiency and effectiveness in the military establishment. *Manual for Court–Martial,* R.C.M. Part I, Para. 3 (2000); *Burns v. Wilson,* 346 U.S. 137, 140, 73 S.Ct. 1045, 97 L.Ed. 1508 (1953). As such, the rights of individuals in the military can be conditioned and prefaced on maintaining such order. *Id.* No other jurisdiction of law in the United States holds comparable purposes.

Missouri's criminal statutes are to protect the public and its citizens from crime and to punish offenders; however, they also protect the accused by providing due

process of law, including a right to a trial by jury. The right to trial by jury ensures an individual receives due process of law by preventing government oppression. *Id.* As such, Missouri holds the right to a trial by jury inviolate. *Mo. Const. art. I, section 22(a).* Moreover, Missouri has decided that the right to a trial by jury requires twelve impartial jurors and a unanimous finding of guilt. *State v. Hadley,* 815 S.W.2d 422, 425 (Mo. banc 1991); *Mo. Const. art. I, section 22(a).*

The Uniform Code of Military Justice is premised on maintaining the effectiveness and efficiency of the military by protecting the order and discipline of the organization. The military accomplishes this is by allowing a general court-martial panel to be comprised of five members. 10 U.S.C. sec. 816(a) (2000). In cases that do not involve the death penalty, the panel can convict based on a two-thirds vote and sentence based on either a two-thirds vote or a three-fourths vote.[1] 10 U.S.C. sec. 852 (2000). Moreover, the court-martial panel members are commissioned officers or warrant officers selected by the military judge; enlisted men are only selected if requested by the accused and if readily available. 10 U.S.C. sec. 825 (2000).

The Court of Appeals, Eastern District, found the military system of discipline "sufficiently foreign from our own system of criminal justice and from that of our sister states and federal government" with its lack of trial by jury. *State v. Mitchell,* 659 S.W.2d at 6.[2] The court held that a court-martial conviction did not qualify as a prior offense for the purpose of enhanced statutory punishment under section 558.016. *Id.* That court was correct.

The *Mitchell* decision was issued in 1983. Since then the legislature has amended section 558.016, but has not altered the language to allow court-martial offenses to constitute a prior offense. In Missouri, there is a presumption that the enacting body acted with full awareness and complete knowledge of the state law at the time. *State v. Rumble,* 680 S.W.2d 939, 942 (Mo. banc 1984). By not amending section 558.016 to include court-martial convictions as prior offenses, the legislature can be presumed to have acted with full awareness of the holding in *Mitchell* that court-martial convictions do not constitute prior offenses. The legislature has evinced the intent not to include court-martial convictions as prior offenses.

"The rule of lenity gives a criminal defendant the benefit of a lesser penalty where there is an ambiguity in the statute allowing for more than one interpretation." *State v. Rowe,* 63 S.W.3d 647, 650 (Mo. banc 2002). In this case, the statute does not unambiguously demonstrate the state's position that a court-martial conviction qualifies as a prior offense. Therefore, because this case involves construction of a criminal statute, it must be strictly construed and any ambiguity resolved in the defendant's favor.

For these reasons, I would reverse.

---

1. A death sentence requires unanimity. 10 U.S.C. sec. 852 (2000). A sentence of life imprisonment or confinement for more than ten years requires a three-fourths vote. *Id.*

2. As noted by the principal opinion, several jurisdictions agree with this reasoning (including the United States Court of Appeals for the Eighth Circuit), while several jurisdictions disagree.